# REPORTS OF CASES

### DETERMINED IN

# THE SUPREME COURT,

## JULY TERM, 1866.

---

ALEXANDER McDONALD, Executor of the Last Will
and Testament of CATHERINE BRANKS, Deceased
*v.* DONALD DAVIDSON.

Admission of Facts averred in a Complaint. — If the allegations of the complaint are sufficient in law to entitle the plaintiff to recover, the defendant cannot dispute his right to recover while he admits the facts stated, unless he avers new facts which defeat their otherwise legal operation.

Proof of New Matter set up in an Answer. — An admission in the answer of the averments of the complaint that defendant received money to plaintiff's use, and refused to pay the same on demand, does not preclude the defendant from proving payment, if he sets up payment as new matter in the answer.

Appeal from the District Court, Fourth Judicial District, City and County of San Francisco.

Plaintiff recovered judgment in the Court below, and defendant appealed.

The other facts are stated in the opinion of the Court.

*H. & C. McAllister,* for Appellant, argued that defendant was entitled to prove payment at any time before the commencement of suit, and cited 2 Johns. 342; 6 Bosw. 181; Saund. on Pleading and Ev., title, "Payment;" and 2 Green. on Ev., Sec. 516.

*R. W. Hunt,* for Respondent, argued that the allegations of the complaint of a demand of payment and refusal to pay were necessary averments, and that the defendant should have denied them to entitle him to prove payment, and that the allegation of payment in the answer was not new matter, and cited *Piercy* v. *Sabin,* 10 Cal. 27; *Frisch* v. *Caler,* 21 Cal. 74; and *Burke* v. *Table Mountain Water Company,* 12 Cal. 43.

By the Court, CURREY, C. J.:

The plaintiff sued the defendant for a certain sum of money, which it is alleged in the complaint the defendant received for and on account of the plaintiff, and to his own use, in divers sums, at different times, between the 20th of May, 1863, and the 18th of January, 1865, and which the defendant refused to pay over to the plaintiff, though the same had been often demanded after the said 18th of January and before the 1st of February of the same year. The complaint was verified.

The defendant answered that prior to the commencement of the action he satisfied and discharged the demand for which he was sued by payment of the same, and of the whole thereof. This answer was also verified.

After the plaintiff had rested his case at the trial, the defendant offered to prove that, prior to the 1st of February, 1865, the claim to recover which the action was brought "was fully paid, satisfied and discharged;" which proof was objected to on the part of the plaintiff as inadmissible under the pleadings. The Court sustained the objection, and the defendant excepted. Did the Court err in this ruling, is the only point to be decided.

The material allegation of the stating part of the complaint

is that the defendant had, at the times set forth, received certain sums of money for and on behalf of the plaintiff, which he had refused to pay after demand.    The defendant does not deny that he received the money, nor does he deny categorically that he refused to pay the same to the plaintiff after demand therefor.    If the allegations of the plaintiff are sufficient in law to entitle him to recover, the defendant cannot dispute the right of recovery, while he admits the facts stated, unless he avers new facts which defeat their otherwise legal operation, or which in other words, if proved, destroy the legal inference that the plaintiff is entitled to recover.    While the defendant does not by his answer deny that he received the money, he does state facts which, if true, destroy the plaintiff's right to recover.    (*Drake* v. *Corkroft*, 10 How. Pr. R. 379 ; *Allen* v. *Patterson*, 3 Seld. 476.)    These facts the defendant offered to prove, and we are of the opinion he ought to have been allowed to make the proof.

Judgment reversed, and a new trial ordered.