[No. 4820.]

# WILLIAM MILLER *v.* S. D. BRIGHAM.

PLEADINGS.—If the plaintiff, in his complaint, alleges that he is the owner of and entitled to the possession of an undivided one-half of certain personal property, an allegation in the answer that the defendant is the owner, coupled with an admission that he is in possession, puts in issue the title of the plaintiff.

SALE BY ONE PARTNER.—If one of two partners sells to a third person his interest in the goods owned by the partnership, the sale dissolves the partnership, and the purchaser cannot maintain an action to recover his interest in the goods, but must sue for an accounting, and will recover whatever his assignor would have been entitled to upon a settlement of the partnership accounts; and until the affairs of the partnership are thus wound up, the partner who did not sell is entitled to the possession of the property.

APPEAL from the District Court, Tenth Judicial District, County of Colusa.

The defendant and Crossin were partners in running a stage from Colusa to Wilbur Springs, and, as such, owned horses, stages, harness, barley, etc. Crossin sold out his interest to the plaintiff, who demanded to be let into possession of Crossin's undivided interest in the property. The defendant refused, and this action was brought to recover possession of an undivided one-half of the property or the value thereof. The plaintiff recovered judgment for nine hundred and sixty dollars. The defendant appealed.

The other facts are stated in the opinion.

*S. T. Kirk,* for the Appellant.

*A. L. Hart,* for the Respondent.

By the COURT:

1. The plaintiff alleges that he is owner, and entitled to the possession of an undivided one-half of the chattels mentioned in the complaint. The defendant, in his answer, admits that he is in possession of the chattels, and alleges that he is the owner thereof. We think that the title of the plaintiff was sufficiently put in issue by the pleadings.

2. The findings are that the property in controversy lately belonged to a co-partnership firm, composed of the defendant and one Crossin, and that before the commencement of the action the latter "sold and conveyed to the plaintiff his (the said Crossin's) one undivided half interest in said property." Upon these facts, and the further fact that the defendant had, upon demand made by the plaintiff, refused to let the latter into possession of the chattles, the court below gave judgment for the plaintiff. But we are of opinion that upon these facts the action cannot be maintained. The effect of the assignment by Crossin to the plaintiff was to dissolve the co-partnership and to vest the plaintiff with a right to insist upon an account of the joint concern, and to have whatever his assignor would have been entitled to upon a settlement of the affairs of co-partnership, and in the meantime the defendant Brigham is entitled to the possession of the property for the purpose of winding up the affairs of the dissolved co-partnership.

It is unnecessary to go over the authorities which support this proposition. Some of them will be found collated in Parsons on Partnership, 2d ed., p. 160, note C.

Judgment reversed and cause remanded.