[No. 5780.]

J. W. BARBER v. R. E. BARNES.

PARTNERSHIP—DISSOLUTION.—Where the partnership property is seized under attachment proceedings, and applied towards payment of the firm debts, the partners not doing business after such attachment being levied: held, that such matters do not of themselves operate a dissolution of the partnership.

EVIDENCE.—In such case, if there is an action pending, brought by the partners to recover a debt due the firm, any inference of dissolution arising from the above facts is rebutted.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

The complaint in substance alleges a partnership; that plaintiff advanced money for the purchase of materials over and above the amount contributed by defendant; that defendant collected sums of money due the firm, and appropriated the same to his own use; then follows a prayer for a dissolution and accounting.

The partnership was formed January 24th, 1873; the action was commenced October 6th, 1876.

The answer, after a general denial, sets up a plea of the Statute of Limitations—the two years' plea. Defendant had judgment, and plaintiff appeals. The further facts are stated in the opinion.

*L. S. Taylor*, for Appellant.

I. The plaintiff's cause of action was not barred by the 339th section of the Code of Civil Procedure.

II. No settlement of the partnership accounts was had between them, and all the partnership affairs had not been adjusted, and the provisions of the 339th section of the Code had not commenced running. (*Gleason* v. *White*, 34 Cal. 358; *Hill* v. *Haskin*, 42 Cal. 159; *Miller* v. *Brigham*, 50 Cal. 615; *Ross* v. *Cornell*, 45 Cal. 133; 4 Mylne & Craig, 165–72; Story on Partnership, sec. 221; The Succession of Powell, 14 La. 425.)

*J. H. McCune*, for Respondent.

1. (*a*) An attachment was levied May 4th, 1874, and everything belonging to the firm, including materials, machinery, account books, etc., was taken possession of by the Sheriff, under and by virtue of said attachment.

(*b*) The attachment was released May 19th, and the suit settled by the creditors of the firm meeting and appointing one of their number assignee, who collected the debts due the firm, and paid all the creditors ninety per cent. of their indebtedness.

(*c*) The property that was taken charge of by the assignee, and disposed of by him, composed all the property that the firm had.

(*d*) The firm of Barber & Barnes never did any business

after the 4th day of May, 1874, the day on which the said attachment was levied.

2. The facts are undisputed, and show a dissolution *ipso facto* of the firm of Barber & Barnes in May, 1874. (*Bradbury* v. *Barnes*, 19 Cal. 120 ; *McKloey's Appeal*, 72 Pa. St. 412 ; *Williamson* v. *Wilson*, 1 Bland, 418 ; *Simmons* v. *Curtis*, 41 Me. 373.)

3. The firm having been dissolved in May, 1874, plaintiff's supposed cause of action is barred by sec. 339 of the Code of Civil Procedure. (*Atwater* v. *Fowler*, 1 Eden, 417 ; *Bertine* v. *Varian*, 1 Ibid. 345 ; *Kane* v. *Bloodgood*, 7 Johns. 121 ; *Marquand* v. *N. Y. Manuf. Co.* 17 Johns. 525–530 ; *McKloey's Appeal, supra.*)

By the COURT:

The Court granted a nonsuit on the ground that the cause of action was barred by sec. 339, Code of Civil Procedure. The seizure of the partnership property under the attachment mentioned in the record, and the application of the property to the payment of the creditors of the firm, and the fact that the plaintiff and defendant " did not do business after the attachment was levied," did not of themselves necessarily and conclusively operate as a dissolution of the partnership. The commencement of the action by the plaintiff and defendant against Hunt & Anderson to recover a debt alleged to be due to the firm— the action not yet having been determined—tends to rebut any inference of the dissolution of the partnership arising from the facts above stated. It is unnecessary to decide whether the statute will run as against a bill for an accounting from the time of the dissolution ; nor, if it does run, what section of the Code would be applicable to such a case.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.