## Independent Brewing Association v. Michael Schaller, Administrator.

### Gen. No. 11,683.

1. RES IPSA LOQUITUR—*what essential to application of doctrine of.* In order that the doctrine of *res ipsa loquitur* may be applied, it must appear that the thing causing the accident was under the control of the defendant or his servants.

Action on the case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Reversed, with finding of facts. Opinion filed October 9 1906.

LOESCH BROTHERS & HOWELL, for appellant; ALBERT B. FORCE, of counsel.

J. HENRY KRAFT, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment recovered by the administrator of Leonhart Schaller in an action for wrongfully causing the death of plaintiff's intestate.

Defendant in 1897 owned and operated a brewery. In a room in the basement of the brewery were five cylindrical iron tanks, each 23 feet high and 17 feet in diameter. In the top of each tank was a hole 3½ inches in diameter, and on the side, near the bottom, was another hole through which a man could pass.

Theodore Winkofsky made a contract with the defendant in December, 1897, to varnish said tanks on the inside, and Winkofsky employed plaintiff's intestate and one Louis Emme to work with him in varnishing said tanks. The defendant furnished to Winkofsky the varnish and two electric extension lights, but only one light was used in a tank. The three men had been en-

gaged in this work three weeks when the accident occurred, had varnished four tanks and were then putting the last coat on the floor and lower part of the sides of the fifth tank. In this work they stood upon the iron floor of the tank.

Alcoholic vapor given off from the freshly varnished surface of the tank, mixed with air, filled the tank with an inflammable and explosive gas which was in some manner set on fire and an explosion occurred, by which Winkofsky and both of his employes were so burned that they died in a few hours. The lamp and appliances so furnished by the defendant and in use in the tank at the time of the accident, consisted of an incandescent lamp and a lamp cord twenty-five feet long. The cord was made up of two cords twisted around each other. In the center of each was a wire which carried the current, and such wire was covered by insulating material in the usual manner. An end of this twisted or double cord was connected with an electric light wire at a socket near the top of the tank. The cord passed into the tank through the hole in its top, and to the other end of it was attached the lamp. The defendant furnished, and directed Winkofsky to use, a guard made of wire that fitted over the glass bulb of the lamp to protect it from injury, but this guard was not on the lamp at the time of the accident.

The negligence charged and relied upon as a ground of recovery is, that the defendant negligently failed to provide a light for said tank that was reasonably safe, and that the accident was the direct result of such negligence. There is neither charge nor proof that the existence of such inflammable and explosive gas in the tank was the result of any negligence on the part of the defendant. The men who were in the tank were all killed, and there was no direct evidence as to the manner in which the gas was set on fire.

The contention of appellant that the risk was assumed by plaintiff's intestate, cannot be sustained.

Plaintiff's intestate was not the servant or employe of defendant. Assumption of risk is a matter of contract, between master and servant, and there is in this case no question of assumption of risk.

Although there was no contractual relation between defendant and plaintiff's intestate, out of the facts and circumstances arose a duty on the part of the defendant to plaintiff's intestate. Defendant made a contract with Winkofsky, to perform which Winkofsky and his employes must go into defendant's tanks. It was known that there was danger that in varnishing a tank it might become filled with an inflammable and explosive gas, and when defendant contracted to furnish an electric lamp and appliances to light the tanks, it became his duty to use reasonable care to furnish a lamp and appliances reasonably safe for that purpose.

To show a right of recovery in this case the plaintiff was bound to prove facts from which the jury might properly find, first, that the defendant was guilty of negligence in respect to the electric light which was in the tank at the time of the explosion, and second, that the gas in the tank was set on fire by a spark caused or produced through or by means of such electric light as the result of such negligence.

The contention of appellee is, that proof that the gas in the tank ignited and exploded, is *prima facie* evidence of negligence on the part of the defendant.

It may well be doubted whether, in this case, proof of the ignition and explosion of the gas would be *prima facie* evidence of the negligence of the defendant, if the tank and light had been under the exclusive control of the defendant.

In John Morris Co. v. Southworth, 154 Ill. 118, in an action by a landlord against a tenant, it was held that the explosion of a steam boiler, leased as part of the premises and used by the tenant, was not of itself *prima facie* evidence of the tenant's negligence. The decision is put upon the ground that the tenant's lia-

bility, under the facts of the case, is not to be determined by the rule of negligence governing the case of common carriers of passengers or goods. The tenant in that case, like the defendant in this case, was bound to exercise only reasonable care.

But a fatal objection to the application of the doctrine contended for, the doctrine of *res ipsa loquitur*, in this case is, that it is not applied unless the thing causing the accident is under the control of the defendant or his servants, and the electric lamp and its appliances in this case were not under the control of the defendant or its servants. Thompson on Negligence, Sec. 7,635. Here the defendant only furnished the lamp, its appliances and the current. Winkofsky and his servants had the control of the lamp, and they only were in the tank when the explosion occurred.

The cause of the explosion is left by the evidence a matter of conjecture, suspicion, or surmise.

When an incandescent lamp is lighted, the filament of carbon in it is heated to a white heat and by the breaking of the bulb the filament would be exposed and the gas might be ignited. But there is no evidence that the gas in this case was ignited by the breaking of the bulb, and if it was so ignited the bulb may have been accidentally broken by one of the men in the tank, or collapsed because of a latent defect.

So if the insulation of both cords which carried the wires became abraded or defective, and the wires touched or crossed each other, a "short circuit" would be formed and sparks given off which would ignite gas. But there is no evidence that any lamp cord was abraded, any wire exposed, or that any "short circuit" was formed, and the fact that the fuse at the socket where the lamp cord was attached to the electric light wire of the building, was not burned or blown out, tends to show that no "short circuit" was formed.

But any spark or flame, no matter how produced, would ignite the gas as well as a spark produced by a

"short circuit," and with three men working in an iron tank, upon an iron floor, a spark or flame might be produced in various ways.

Upon a careful review of the evidence we cannot escape the conclusion, that taking as true the testimony most favorable to the plaintiff, and as proven, the evidentiary or probative facts most favorable to the plaintiff which there is evidence fairly tending to prove, the evidence is not sufficient to warrant or support a finding by the jury that the defendant was guilty of the negligence charged in the declaration, or that the death of plaintiff's intestate was caused by any negligence of the defendant.

The judgment of the Circuit Court will be reversed with a finding of facts.

*Reversed with finding of facts.*