(53 Misc. Rep. 593)

### ROBINSON v. EMPIRE CITY SUBWAY CO., Limited, et al.

(Supreme Court, Appellate Term. April 10, 1907.)

NEGLIGENCE—RES IPSA LOQUITUR—APPLICATION.

The doctrine of res ipsa loquitur could not be applied to an action against a subway company for injuries received by plaintiff while passing a subway manhole, caused by the explosion of gas ignited by a lamp help by some one near the manhole; it being not shown who that person was, nor how gas came to be in the subway, and it appearing that, though the company owned the subway and "kept the same in repair," a gas company used it to carry pipes not under the care or control of defendant company.

Appeal from City Court of New York, Trial Term.

Action by William Robinson against the Empire City Subway Company, Limited, and others. From a judgment for defendant subway company, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

George N. Simpson and George H. Taylor, Jr., for appellant.
Eidlitz & Hulse (William Butler, of counsel), for respondent.

GIEGERICH, J. The plaintiff seeks to recover for personal injuries received through an explosion at a manhole of the subway of the defendant the Empire City Subway Company as he was passing along the public street at the corner of Twenty-Fourth street and Eighth avenue, in the borough of Manhattan. He testified that the cover was off the manhole, and that some one was holding a lamp near it, whereupon the explosion took place, a sheet of flame shot out of the manhole, and he was burned and injured. The action was brought, not only against the defendant above named, but also against the Consolidated Gas Company and others, but was tried against the former alone. It was not shown who the man was who held the lamp which caused the explosion, nor how the gas came to be in the subway. It is alleged in the complaint that the Consolidated Gas Company was using the subway at the time for the purpose of furnishing gas to its customers. It was stipulated upon the trial that the defendant Empire City Subway Company owned the subway in question at the time of the accident "and kept the same in repair."

The plaintiff rests his claim to recover upon the doctrine of res ipsa loquitur; but we think the learned trial judge was right in refusing to apply that rule to the facts shown in this case. In Thomas on Negligence (2d Ed.) vol. 2, p. 1097, it is said that the rule established in this state within recent years is that, where the person charged as a wrongdoer is using the street under authority, he cannot be held responsible, on the theory of nuisance and irrespective of any question of care and skill, as would be the case if he were using the street without authority, but only on the theory of negligence and for his lack of care and skill. In the words of that learned author:

"In all cases where there was lack of authority to do the act from which the injury arose, a presumption of liability arises from the act and injury therefrom; but, where the authority exists, then the usual rule of negligence would apply."

In this case the authority of the respondent to maintain the subway is not brought in question by any evidence, so no presumption of liability arises on the ground of unauthorized use of the street. So far as the rule of res ipsa loquitur is concerned, one of the considerations on which that rule is based is that the person against whom it is applied has exclusive control of the thing which has produced the injury. Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630. Here such exclusive control is not shown. Gas manifestly was in the subway, and it was the explosion of gas that caused the injury. It is true there is a stipulation that this defendant kept the subway in repair; but this does not necessarily include gas pipes that might have been in or near the subway, but not under the car or control of this defendant. The bad condition of such pipes, or some accident thereto or mismanagement thereof by the gas company's servants, might have caused the escape of gas that was at the foundation of the accident. Besides, the stipulation is, not that the defendant was charged with the duty of keeping the subway in repair, but that it did keep it in repair. Strictly construed, therefore, so far as the stipulation implies any duty upon the defendant, it carries its own statement of the performance of that duty. I think the learned trial justice was right in dismissing the complaint on such a state of the proofs, and that the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.-