[Civ. No. 331.   First Appellate District.—March 19, 1909.]

IRENE H. WHITE, Appellant, v. JOHN D. SPRECKELS and CLAUS SPRECKELS, Respondents.

NEGLIGENCE—EXPLOSION OF STEAM RADIATOR—INJURY TO SERVANT OF SUBLESSEE—PROPER CONSTRUCTION—LEASE OF BUILDING—OWNER NOT RESPONSIBLE.—Where it appears that in the original construction of a building its whole heating apparatus, pipes and radiators in the several rooms thereof were properly constructed, and that the owner made a lease of the whole building, including all devices for heating the same, and had no further control or supervision thereof, the owner owed no duty to the servant of a sublessee, who was injured by the explosion of a steam radiator in one of the rooms of such sublessee, and is not responsible for such injury, and in an action against him and the lessee therefor, a nonsuit was properly granted as to the owner.

ID.—LIABILITY OF LESSEE FOR INJURY—DRYING OF WET TOWELS ON RADIATOR—NEGLIGENCE NOT PRESUMED FROM ACCIDENT.—Where the sublease of several rooms was made by the lessee to be used as a hair physician's office, at a monthly rental for one year, which provided that all damages, alterations or improvements should be done by or under the direction of the lessor, and it appeared that the explosion occurred in one of the subleased rooms, while the servant was engaged in the duty regularly imposed upon her by the sublessee of drying wet towels on the radiator, it cannot, under such circumstances, be presumed that the lessee was negligent from the mere fact of the explosion of the radiator in that particular room only.

ID.—LIMITED CAUSE OF ACTION—NEGLIGENT CONSTRUCTION AND CONDITION OF RADIATOR AND HEATING PLANT—BURDEN OF PROOF.— Where there was no other allegation in the complaint of any negligence of the lessee, other than the negligent construction and condition of the radiator, which exploded, and of the heating plant in the building, the burden of proof is upon the plaintiff to show that the explosion of the radiator was caused by the negligence of the lessee, by direct evidence, or by proof of facts from which the inference of negligence can be legitimately drawn by a jury.

ID.—PLEADINGS—SUFFICIENCY OF ISSUE.—Held, that an averment in the complaint that defendants had the exclusive management and control of the heating plant and radiators was sufficiently denied as to the plaintiff by affirmative allegations that the sublessee of the defendant lessee of the building had exclusive management and control of the room and the fixtures therein contained, including the radiator and its connections, and was sufficient to raise an is-

sue, when no objection thereto was raised upon the motion for a nonsuit.

ID.—OBJECTION UPON APPEAL.—Where the parties have proceeded upon the theory that the answer raised an issue in the court below, they will not be allowed to raise the question upon appeal for the first time.

ID.—FAILURE OF EVIDENCE JUSTIFYING NONSUIT FOR LESSEE.—Where the evidence showed clearly that the construction of the radiators and heating plant was first class, and that every precaution was taken to prevent any excess of steam from accumulating in any radiator, and that the explosion occurred when a radiator was being used for a purpose for which it was not designed, in one of the rooms in the possession and control of a sublessee, no complaint of which was made known to the lessee, and there is no evidence to show any excessive use of steam, or any cause of the explosion beyond a mere matter of conjecture, the burden of proof upon the plaintiff to show that the negligence of the lessee caused the injury was not sustained, and the court properly granted a nonsuit as to him.

ID.—DOCTRINE OF RES IPSA LOQUITUR, WHEN INAPPLICABLE.—The doctrine of *res ipsa loquitur* only applies where the cause of the injury is shown to be under the exclusive control and management of the defendant, and can have no application when it was under the management and control of plaintiff, and her employer, nor to a case having a divided responsibility where an unexplained accident may have been attributable to one of several causes, for some of which the defendant is not responsible.

ID.—BURDEN TO SHOW RESPONSIBILITY FROM ONE OF TWO ASSIGNABLE CAUSES.—In a case involving negligence, when it appears that the injury was occasioned by one of two causes, for one of which defendant is responsible, but not for the other, plaintiff must fail, if the evidence does not show that the injury was the result of the former cause, or leaves it as probable that it was caused by the one as the other.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Louis S. Beedy, P. F. Dunne, and Thomas, Gerstle, Frick & Beedy, for Appellant.

J. J. Lermen, for Respondents.

COOPER, P. J.—In November, 1908, we filed an opinion in this case, in which we affirmed the judgment as to defend-

ant Claus Spreckels, and reversed it as to defendant John D. Spreckels. Upon a petition for a rehearing being filed, we were doubtful of the correctness of our former decision as to John D. Spreckels, and the case has been reargued and additional briefs filed. After a careful consideration of all the authorities cited, we have reached the conclusion that our former opinion proceeded upon a theory which omitted an important element in the case, and was therefore erroneous.

The action was brought to recover damages for personal injuries inflicted as the result of the bursting of a steam radiator in one of the rooms of the Claus Spreckels building in the city and county of San Francisco. After plaintiff had introduced her testimony and rested, the court granted a nonsuit, and judgment was entered for defendants. This appeal is from the judgment on the judgment-roll and a bill of exceptions.

The facts as shown by the record are as follows: The defendant Claus Spreckels is the owner of the building known as the Claus Spreckels Building. In June, 1898, he leased to defendant John D. Spreckels the entire building, with the power-house, heating plant and appurtenances, and thereafter up to the time of the plaintiff's injuries the defendant John D. Spreckels retained possession and control of the entire building, power-house, heating plant, engine, boilers and appurtenances, and underlet rooms in the building to the many tenants, to whom he gave leases of the respective rooms so underlet. On the twenty-eighth day of February, 1902, defendant John D. Spreckels executed a written lease to Edith M. McLean of several rooms on the second floor of said building, to be used as hair physician's offices, said lease to continue for one year at a specified monthly rental. This latter lease recited that the premises so leased were then in a tenantable condition; that they should not be altered, repaired or changed without the written consent of the lessor; that all alterations, changes or improvements should be done by or under the direction of the lessor. The lease further provided that the lessor should furnish to the lessee free of charge janitor service, steam heat and electric lights, and that the lessor should have the right to enter upon the premises at all reasonable hours to examine the same, to make such alterations and re-

10 Cal. App.—19

pairs as should be deemed necessary for the safety or preservation of the building. The lessee entered into possession of said leased rooms, and so continued up to the time of the injuries to plaintiff. On the eleventh day of December, 1902, plaintiff, being a servant or employee of the said McLean, while in one of the said rooms engaged in the discharge of her duties, was severely burned and injured by the escape of steam and hot water from the steam radiator, which exploded, and thus allowed the steam and hot water to escape with great force into the rooms and on and over the plaintiff. No evidence was offered by plaintiff as to any direct act of negligence by the defendants or either of them, but she relied upon the maxim *res ipsa loquitur,* claiming that the explosion of a steam radiator is something which does not ordinarily happen where reasonable and proper care is taken to avoid it, and that the bursting of the radiator under the circumstances of this case raised a presumption of negligence, and thus placed the burden of proof upon defendants to show that reasonable and proper care was used.

As to defendant Claus Spreckels, he had surrendered possession and control of the entire building, engine, heating plant and pipes, to his codefendant by and under the terms of the lease made to him. He was not in privity with, and owed no duty to, the tenant of John D. Spreckels. He had no right of supervision or of access to the building, nor had he the right to inspect or repair the pipes or heating apparatus. It was conceded in the argument on rehearing that the former decision was right as to defendant, Claus Spreckels.

The complaint alleges that the radiator exploded by reason of being negligently constructed and kept, and being allowed to remain in a defective and neglected condition. The former opinion proceeded upon the theory that the defendant John D. Spreckels allowed an excessive pressure of steam to be conveyed through the pipes and into the radiator, thus causing the explosion, and being the sole cause of the explosion. We find upon a further examination that there is no allegation in the complaint as to any negligence other than as to the defective construction and condition of the boilers, machinery, pipes and radiators. The burden was upon plaintiff to show by competent evidence that the accident or explosion was caused by defendant's negligence. The mere fact that an acci-

dent occurred is not generally of itself sufficient to authorize an inference of negligence. It must be proved by direct evidence, or by proof of facts from which the inference of negligence can be legitimately drawn by a jury.

As the court granted the motion of defendants for a nonsuit, the test as to the correctness of the ruling must be determined by the evidence in the record. If the evidence is sufficient, or would have been sufficient, to support a verdict for plaintiff, then the ruling is erroneous; but if the evidence taken by itself, with all inferences which can be legitimately drawn from it, would not be sufficient to sustain a verdict, then the ruling is correct.

The evidence on the part of the plaintiff is brief. She testified as to the fact of her injuries by the escaping steam, and the fact that the explosion occurred on the eleventh day of December, 1902. Her language is: "I was drying towels on the radiator. It was my duty to take the wet towels handed me by Miss Hopkins, and put them on the radiator to dry." She did not state any fact or circumstance tending to show why the radiator exploded, except the fact that it exploded while she was putting wet towels on it. Plaintiff further called one Scott, who testified that he was engaged in the hot water and steam heating business, and was in the years 1901 and 1902 employed by George H. Tay & Co., and that he worked in putting in pipes, heating apparatus and radiators in the Claus Spreckels building, and in his own language he states as follows: "All the drift piping from all of the radiators in the building are connected to a general air line that is open at the low end, and by opening this valve it was supposed to prevent any greater accumulation of pressure in the radiators. It was to prevent the accumulation of pressure in the radiators. The handle of that valve was sawed off by me to prevent its being used. There was no seat to the valve. It was a core. It would not operate when the handle was sawed off unless somebody put a wrench or pliers on the handle and turned it. It was in a position so that it afforded, unless tampered with, permanent relief to the radiators. It was wide open before I sawed the handle off. The handle was sawed off when I left. I sawed the handle off as a precaution of safety. Before leaving I turned the steam on to see if our work was in good order and no leak. The firm I

worked for received payment, I believe, and said it was all right. I did not find anything wrong with my work after I turned the steam on. I made that test before I left the work. To the best of my knowledge the work was all right or we would not have left it. It was first-class work. I did this work about four years ago."

The evidence thus showed that the work of putting in the radiator was first class, and that it subsequently exploded while plaintiff was putting wet towels on it. It shows that the explosion occurred while the radiator was being used for a purpose for which it was not designed. Whether the radiator exploded for the reason that it had not been kept in proper condition by the lessee of defendants, or for the reason that it had been weakened by its constant use by defendants' lessee in drying wet towels, or for the reason that it had been tampered with by the lessee after she had taken possession of the rooms, or for the reason that too great a pressure of steam was in the pipes and radiator, are matters of conjecture. There is no presumption that defendants were guilty of negligence from the mere fact that the radiator exploded without any regard to the circumstances, or the use to which it was being put by the lessee or her employees. The text of the doctrine of *res ipsa loquitur* which has generally been followed in the courts of England and this country is given in *Scott* v. *London Dock Co.*, 3 Hurl. & C. (Com. L. R. U. S.) 134, as follows: "There must be some evidence of negligence, but where the thing is shown to be under the management of the defendant or his servants, and that occurrence is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the occurrence arose from want of care."

This case does not come within the text. The thing which exploded was the radiator. It was not under the exclusive management of the defendants or their servants. It was in the rooms of the lessee, being used by her servant for her own purposes, and not for the purpose for which it was placed in the room. The steam which was supplied to the radiator was under the exclusive management of the defendant John D. Spreckels; but there is nothing to show that the explosion was caused solely by too great a pressure of steam in the radiator.

In fact there is no such allegation in the complaint. The thing which injured the plaintiff was the escaping steam. It escaped for the reason that the radiator exploded. The cause of the explosion is a matter of conjecture from the evidence in this record.

This is in line with the leading cases. In *Peters* v. *Lynchburg Light Co.*, 108 Va. 333, [61 S. E. 745], the plaintiff was injured by receiving a shock from an overcharged wire while turning off an incandescent light in his kitchen, the electrical appliances being owned and controlled by the plaintiff. The court held that the doctrine of *res ipsa loquitur* did not apply, holding that the thing which caused the injury must be under the exclusive control and management of the defendant before the rule can be invoked. In the opinion it is said: "But the doctrine of *res ipsa loquitur* can have no application where the accident is due to a defective appliance under the management of the plaintiff, nor to a case involving divided responsibility, where an unexplained accident may have been attributable to one of several causes, for some of which the defendant is not responsible."

In *Independent Brewing Assn.* v. *Schaller*, 128 Ill. App. 533, it was held that the doctrine could not be applied where an explosion of gas occurred, the lamp and appliances being furnished by defendants but were under the control of plaintiff. The court said: "But a fatal objection to the application of the doctrine contended for—the doctrine of *res ipsa loquitur*—in this case is that it is not applied unless the thing causing the accident is under the control of the defendant or his servants, and the electrical lamp and its appliances in this case were not under the control of the defendant or its servants (Thompson on Negligence, sec. 7635). Here the defendant only furnished the lamp, its appliances and the current. Winkofsky and his servants had the control of the lamp, and they only were in the tank when the explosion occurred. The cause of the explosion is left by the evidence a matter of conjecture, suspicion or surmise."

The true rule, in our opinion, is laid down in *Searles* v. *Manhattan R. Co.*, 101 N. Y. 661, [5 N. E. 66], as follows: "Where, in an action to recover damages for injuries alleged to have been caused by defendant's negligence, it appears that the injuries were occasioned by one of two causes, for one of

which defendant is responsible but not for the other, plaintiff must fail if the evidence does not show that the injury was the result of the former cause. If under the testimony it was just as probable that it was caused by the one as the other, he cannot recover."

In *Ryan* v. *Fall River Iron Works,* 200 Mass. 188, [86 N. E. 310], the supreme court of Massachusetts said: "The occurrence of an accident standing alone is not always evidence of negligence. It may be as consistent with the innocence as with the fault of the person controlling the agency by which the accident happened. When the precise cause is left to conjecture, and may be as reasonably attributed to a condition for which no liability attaches as to one to which it does, then a verdict should be directed against the plaintiff."

To the same effect see note to *Mitchell* v. *Chicago & A. Ry. Co.,* 132 Mo. App. 143, [112 S. W. 291]; *Warner* v. *Railway Co.,* 178 Mo. 125, [77 S. W. 67]; *McGrath* v. *St. Louis Transit Co.,* 197 Mo. 97, [94 S. W. 872]; *Robinson* v. *Empire City Subway Co.,* 53 Misc. Rep. 593, [103 N. Y. Supp. 717]; *Strasburger* v. *Vogle,* 103 Md. 85, [63 Atl. 202].

As we have before said, the evidence does not clearly show that the accident was caused by an excessive pressure of steam. Nor is it so alleged in the complaint. If we rely on the doctrine of probabilities we might as reasonably infer that the explosion was caused by the use of wet towels upon the radiator, or by reason of the radiator having been changed or weakened by its use by the lessee, as that it was caused by an excessive pressure of steam. The evidence is not such as to raise a presumption which shows that the defendants were guilty of negligence.

Plaintiff contends that the answer of defendants did not deny the allegation of the complaint that "the defendants had exclusive management and control of the steam-engine and so forth and steam radiators and connections." While the answer does not specifically deny this allegation, it affirmatively and expressly alleges that the lessee of defendant had exclusive management and control of the rooms and the fixtures therein contained, including the radiator and its connections. This was an express averment in the answer contrary to the averment of the complaint, thus raising an issue, and was equivalent to a denial. (*Miller* v. *Brigham,* 50 Cal. 615; *Mc-*

*Donald* v. *Davidson,* 30 Cal. 173.)   Not only this, but on the
motion for a nonsuit no such suggestion appears to have been
made; and where the parties have proceeded upon the theory
that the answer raises an issue in the court below, they will
not be allowed to raise the question here for the first time.

It follows from what has been said that the judgment must
be affirmed, and it is so ordered.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal was denied by
the supreme court on May 17, 1909.