[Civ. No. 6469. First Appellate District, Division Two.—January 5, 1929.]

J. ROSENBAUM, Respondent, v. FIRST DOE LUCE et al., Appellants.

T. F. Draper for Appellants.

Milton A. Nathan for Respondent.

NOURSE, J.—Plaintiff sued to recover damages to his stock of goods, which was injured by seepage of water from the premises occupied by the defendants. The cause was tried by the court sitting without a jury and resulted in a judgment for the plaintiff in the sum of $1,147.50. The defendants have appealed on a typewritten record.

The plaintiff was the lessee of a storeroom on the first floor of a five-story building, situated on Polk Street,

in the city and county of San Francisco. The defendants were lessees of the four upper stories of the same building. The plaintiff conducted a suit and cloak business and the defendants an apartment house, subletting the separate apartments to separate subtenants. On the morning of July 7, 1927, when plaintiff opened his place of business, he found that water had seeped through the ceiling of his store and damaged his stock in trade. Upon investigation it was found that water had come from the floor of apartment number 219 on the second floor of the building. A plumber was called by the defendants, who examined the plumbing in this apartment and found it free from defect. He then voluntarily went to the basement under plaintiff's store and found the drain-pipe into the sewer stopped up. He removed the obstruction and the water flowed from the pipes without further leakage.

The complaint alleged that the carelessness and negligence of the defendants "consisted and consists in their failure to prevent the seepage of water through the floor dividing and separating the premises of plaintiff from the premises of said defendants." The trial court found that the defendants "supervised, maintained and used said premises, including said plumbing and plumbing appurtenances, or fixtures, so negligently and carelessly" that water seeped through the floor and damaged plaintiff's stock of goods.

The finding of negligence is not supported by any competent evidence and the respondent seeks to support the judgment solely upon the application of the doctrine of "*res ipsa loquitur*." In support of this theory respondent cites two pieces of evidence—one of which is supported by the record while the other is not. He first cites the opinion of one of the appellants, given as a witness, that the water backed up and overflowed in the basin of the apartment because the drain-pipe under the store of respondent was stopped up. He then states that the evidence shows that the wash-basin and the drain-pipe in the basement were both under the exclusive control of appellants, and follows this with the statement that "neither of the parties to this action rented, used, or controlled that basement." The evidence shows without conflict that the basin and the apartment were under the control of a subtenant of appellants and that the

drain-pipe was located under the store of respondent, and that appellants had neither supervision nor control over it.

That none of the elements necessary for the application of the *"res ipsa loquitur"* doctrine are present seems too plain for argument. The case is on a par with *White* v. *Spreckels,* 10 Cal. App. 287 [101 Pac. 920], where this doctrine is fully discussed and the cases are cited. Particularly applicable to the case here is the citation from *Ryan* v. *Fall River Iron Wks.,* 200 Mass. 188 [86 N. E. 310], where it is said: "When the precise cause is left to conjecture, and may be as reasonably attributed to a condition for which no liability attaches as to one to which it does, then a verdict should be directed against the plaintiff." Here the overflow occurred in an apartment over which appellants had no control; the plumbing in the apartment was inspected and found free from defect; the opinion was expressed that the overflow was caused by a stoppage in the drain-pipe under respondent's store; if this was so the respondent may have been equally responsible for the condition.

In the recent opinion in *Olson* v. *Whitthorne & Swan,* 203 Cal. 206 [263 Pac. 518], our supreme court said: "To render the doctrine applicable 'it must be shown that the instrumentality causing the injury was under the control of the defendant and that the injury was caused by some act incident to that control,' and the injury 'must be of such a nature that it ordinarily would not have occurred but for the defendant's negligence.' (19 Cal. Jur., pp. 708, 710.) It does not apply 'where an unexplained accident might have been caused by plaintiff's negligence, or been due to one of several causes, for some of which the defendant is not responsible.' (19 Cal. Jur., pp. 710, 711.)"

There is no evidence in this record tending to show that the instrumentality causing the injury was under the control of the appellants, or that they were guilty of any act of commission or omission causing or contributing to the injury. On the other hand, the case is merely one of an unexplained accident which might have been caused by respondent's own negligence.

The judgment is reversed.

Sturtevant, J., and Koford, P. J., concurred.