[Sac. No. 3616. In Bank.—February 16, 1926.]

SUSAN M. SALTZEN, Appellant, v. ASSOCIATED OIL COMPANY OF CALIFORNIA (a Corporation), Respondent.

[Sac. No. 3617. In Bank.—February 16, 1926.]

J. D. SALTZEN, Appellant, v. ASSOCIATED OIL COMPANY OF CALIFORNIA (a Corporation), Respondent.

[1] NEGLIGENCE—AUTOMOBILE ACCIDENT—INSTRUCTIONS—CONFLICT — APPEAL.—On appeal from a judgment in favor of the defendant in an action for damages for personal injuries arising out of an automobile accident, the positive effect of an express instruction that "the burden of showing that the plaintiff is guilty of contributory negligence rests upon the defendant . . . unless the same appears from the plaintiff's own evidence" will not be held to have been overcome by a general though erroneous instruction not expressly dealing with that subject, but which had reference to the burden cast upon plaintiff of proving the nature

---

1. See 19 Cal. Jur. 757; 2 R. C. L. 256.

and extent of his injuries and their relation to the accident in question, in the absence of a very clear showing that the jury was misled thereby.

[2] ID.—FAILURE TO EXTEND HAND SUFFICIENT LENGTH OF TIME—CONFLICTING EVIDENCE—VERDICT—APPEAL.—In an action for damages for personal injuries alleged to have resulted from the negligence of the driver of defendant's truck, where the evidence with relation to the said driver's conformity to or disregard of the duty enjoined upon him by the Motor Vehicle Law of extending his hand a sufficient length of time before turning his truck as to give timely notice of his intention is quite in conflict, the question of his negligence is a question of fact for the jury and, where the jury resolves the conflict in defendant's favor, there is no merit in plaintiff's contention on appeal that the jury should have found that the driver of defendant's truck was guilty of negligence as a matter of law.

(1) 4 C. J., p. 707, n. 11, p. 912, n. 77, p. 914, n. 96, p. 1029, n. 30; 38 Cyc., p. 1608, n. 76, 77.   (2) 28 Cyc., p. 49, n. 46.

APPEAL from a judgment of the Superior Court of Yolo County.  W. A. Anderson, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Arthur C. Huston and Arthur C. Huston, Jr., for Appellants.

Henry Ach, Irving D. Gibson and A. G. Bailey for Respondents.

RICHARDS, J.—These two appeals, while taken separately, depend upon the same state of facts and the same question of law and are submitted upon a single set of briefs. They arise out of the same accident wherein each of the plaintiffs therein suffered injuries for which damages were sought to be recovered by each in a separate action, the two actions having, however, been, by stipulation of the parties, tried together.  The accident in question occurred upon August 22, 1922, upon the public highway between the town of Davis and the city of Woodland, in Yolo County, when an automobile owned and being operated by the plaintiff and appellant J. D. Saltzen and in which his wife, Susan M.

2.   See 19 Cal. Jur. 727; 20 R. C. L. 166.

Saltzen, the other plaintiff and appellant was riding, was propelled against a tree along the edge of said highway through what they each alleged to be the carelessness and negligence of a driver of a large truck owned by the defendant in each action and being operated by its said agent along and upon said highway. To the complaint of each of said plaintiffs charging such negligence and resultant injuries the defendant answered denying negligence on the part of the defendant or its said servant and denying that whatever injuries the said plaintiffs or either of them sustained were the proximate result of any such negligence, and on the other hand, alleging affirmatively that the said accident and whatever resultant injuries the plaintiffs or either of them suffered thereby were proximately caused by the negligence and also by the contributory negligence of the said J. D. Saltzen in the operation of the car of which each of said plaintiffs was an occupant at the time of their injuries. The causes went to trial before a jury and were tried together, and at the conclusion of said trial the jury returned a verdict in each case in favor of the defendant, and from the judgments entered thereon, respectively, the plaintiffs have prosecuted their appeals.

[1] The first contention urged by these appellants is that the trial court erred in giving certain instructions to the jury which the appellants assert to have been erroneous and contradictory. In the course of its charge to the jury the court gave, as applicable to each case, the following instruction at the plaintiff's request, viz.: "You are instructed that the burden of showing that the plaintiff is guilty of contributory negligence rests upon the defendant in this case unless the same appears from the plaintiff's own evidence." Later, in the course of its instructions, the court gave to the jury the following instruction having application apparently to the case of the plaintiff J. D. Saltzen, viz.:

"You are instructed that the burden is upon plaintiff to prove by a preponderance of the evidence that he actually sustained the injury from which he claims to have been suffering since the accident and, also, if he sustained any injury, the nature and extent thereof. If you believe from the evidence that the proof is equally balanced upon any material issue of fact, then plaintiff has not sustained the burden which the law imposes upon him of making proof of

any fact in issue by a preponderance of the evidence, and in such event it will be your duty to find in favor of defendant upon such issue.''

The plaintiff and appellant J. D. Saltzen insists that the foregoing two instructions are contradictory to the extent of being prejudicially misleading to the jury and hence that the giving of them constituted prejudicial error. In making this contention the appellant J. D. Saltzen concedes that the first of the foregoing instructions was and is correct in point of law. He could not· in point of fact do otherwise since it was his own requested instruction; but he contends that the instruction which followed it and which is above quoted was so erroneous and contradictory of the former instruction as to have misled the jury to the extent of a verdict against him. We do not, however, so read said latter instruction. In its opening phrases it evidently has reference to the burden which is cast upon the plaintiff of proving the nature and extent· of his injuries and their relation to the accident in question, and while the scope of the instruction was unduly broadened by its concluding phrases and hence ought not in that form to have been given, we are unable to say that the jury would be misled by its general phrasing to the point of a disregard of the earlier and very clear and pointed instruction which the court had given at the said plaintiff's request upon the subject of contributory negligence and upon which of the parties to the action the burden rested of showing that the plaintiff was guilty of contributory negligence. In said first given instruction the court was dealing specifically, expressly, and only with the subject of contributory negligence and the jury could have not misunderstood its plain and explicit terms. In the second of said instructions the subject of contributory negligence was not mentioned and it is difficult to see how its generalities, however inapt, could have wrought confusion in the minds of the jurors upon that subject. The older rule that injury was to be presumed from error has not obtained in this court since the decision of the case of *Vallejo etc. R. R. Co.* v. *Reed Orchard Co.,* 169 Cal. 545, 554 [147 Pac. 238], and the cases which the appellant J. D. Saltzen cites as upholding his above contention do not, when examined, sustain it. In the case of *Rathbun* v. *White,* 157 Cal. 248 [107 Pac. 309], there was a specific instruction

which was erroneous and highly prejudicial and this court held that the error created thereby would not be cured by a merely general instruction correctly stating the rule but giving it no specific application. The reverse of that situation is presented here, wherein we find that the specific instruction correctly sets forth the rule as to where the burden of showing contributory negligence lies and the utmost that the appellant J. D. Saltzen can claim is that its effect has been destroyed by the later giving of a general instruction which, however erroneous, does not purport to cover the subject to which the correct and specific instruction relates. The other cases cited by said appellant are either easily distinguishable from the instant case or were decided at a time when the prior rule as to presuming injury from error prevailed. In the recent case of *Alloggi* v. *Southern Pac. Co.*, 37 Cal. App. 72 [173 Pac. 1117], it appeared that the trial court had given an incorrect instruction upon the subject of contributory negligence, but at a later point in its instructions gave a correct instruction upon the same subject, and in dealing with that situation upon appeal the court said:

"We are not unmindful of the rule that conflicting and contradictory instructions upon a material phase of the case require a reversal where it cannot be ascertained from the record before us which instruction prevailed, or was likely to prevail with the jury. While it is true that the instruction complained of in the present case is erroneous, and in a measure in conflict with several other instructions which correctly stated the rule of law relative to contributory negligence, nevertheless the correct rule of law was so specifically stated and restated to the jury that we feel that the idea in the several correct instructions must have preponderated in the consideration of the jury, and that as a consequence the erroneous instruction neither contributed to nor controlled the verdict."

We think a similar and even stronger situation is here presented and that this court ought not to adopt or give application to a rule that the positive effect of an express instruction upon a specific subject which is admittedly correct will be overcome by a general though erroneous instruction not expressly dealing with that subject in the absence of a very clear showing that the jury have been misled thereby.

Among other cases bearing upon this subject are *Garrette* v. *Granger etc. Assn.*, 58 Cal. App. 396 [208 Pac. 1010); *Bourguignon* v. *Peninsular Ry. Co.*, 40 Cal. App. 689, 695 [181 Pac. 669]; *Green* v. *Southern Pac. Co.*, 53 Cal. App, 194 [199 Pac. 1059]; *Haun* v. *Tally* (on rehearing), 40 Cal. App. 585 [181 Pac. 81]; *Phillips* v. *Hobbs*, 67 Cal. App. 199, 210 [227 Pac. 622].

The appellant Susan M. Saltzen makes the same contention as that above considered with respect to similar instructions applying to her case. While it is true that the instruction which the trial court gave with special reference to her case is more broad and hence somewhat more objectionable than that above quoted as complained of by the appellant J. D. Saltzen, we are bound to conclude that if the jury was not misled in the one case they would not be in the other in the light of the fact that the court's correct and specific instruction as to contributory negligence was given in each case, and that the foregoing authorities set forth the correct doctrine to be applied to each of these appeals.

[2] The appellants each make the final contention that the jury should have found by their verdict that the driver of the defendant's truck was guilty of negligence as a matter of law and that their and each of their injuries were proximately caused thereby. The evidence with relation to the said driver's conformity to or disregard of the duty enjoined upon him by the Motor Vehicle Law of extending his hand a sufficient length of time before turning his truck as to give timely notice of his intention is quite in conflict, and under the quite well-settled rule the question of the negligence of the driver of the vehicle is, under such circumstances, a question of fact for the jury. We think it was so in the instant case, and the jury having resolved the conflict in the defendant's favor, there is no merit in the appellants' said contention upon these appeals. We discover no error in the record sufficiently prejudicial to justify a reversal of these cases.

The judgment in each case is affirmed.

Lawlor, J., Shenk, J., Waste, C. J., Seawell, J., and Curtis, J., concurred.

Rehearing denied.