[L. A. No. 7584. In Bank.—February 13, 1928.]

LOUISE MARIE DOUGLAS as Administratrix, etc., Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

JENNIE H. WHITE, etc., Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

W. I. Gilbert for Appellant.

Eugene C. Campbell for Respondents.

WASTE, C. J.—This appeal is from each of two judgments entered against the defendant, Southern Pacific Company, in actions instituted to recover damages. The complaints allege, in substance, that the negligence of the defendant's employees was the proximate cause of the death of Douglas and the serious injury of White. Defendant denied the charge of negligence and urged the defense of contributory negligence. As the two causes of action arose out of the identical accident they were joined for trial and were brought here by way of a single appeal. The facts are sufficiently stated in the decision of the district court

of appeal, the following portion of which is adopted as the opinion of this court:

"On May 7, 1921, the defendant and appellant was switching a steel gondola-type car at the Los Angeles harbor when some part of the car struck a pile of ties which were stacked alongside of the tracks and upon which Dean Cheney Douglas and the original plaintiff S. I. White were sitting, and resulting in the death of Douglas and the injury of White. The exact cause of the accident is very much in doubt. There was testimony, which was also positively denied, that a piece of iron extended out from the side of the car a couple of feet and that the whole pile of ties was knocked out of place about one foot. There is other testimony that while the ties were of the same length and stacked so as to clear the edge of the car by six or eight inches, one of them, about fifteen minutes prior to the accident, was observed to be shorter than the others as the witness saw it from the end away from the tracks. This would authorize the inference under the circumstances, especially as several witnesses testified that only one tie had been knocked off the pile, that it had been pushed over and protruded sufficiently far to be struck. The engine and car were traveling, according to the prevailing testimony, under six miles an hour, although one witness testified that he had told plaintiff's counsel that they were running between twenty and twenty-five miles an hour. The lookout was not on the forward end of the car, but on the rear of the gondola near the top, from which point he claimed vantage in ability to see. . . .

"The appellant complains that the evidence is insufficient to support the verdicts, and in support of this contention recites a stipulation that the defendant had no control of the platform upon which the ties were piled or over the ties, but that the platform was under lease to the Banning Company, a stranger to the defendant, hence that the defendant was only charged with operating its cars over and along the tracks with ordinary care. Aside from the fact that the jury were entitled to say from the evidence already recited that the crew in charge of this car failed to use ordinary care if they failed to observe a protuding tie, there was the other evidence of a piece of iron which stuck out

two feet from the side of the car, which would also be sufficient to justify the verdicts.''

We are unable to accept the remaining portion of the opinion of the district court of appeal, wherein the giving of the following instruction by the trial court is declared to have constituted prejudicial error: ''It is admitted by defendant in this case that A. J. Beck, E. L. Carr, C. J. Clouth, D. Frazer and Leslie Straight were employees of defendant and were acting within the scope of their employment at the time of the accident. If you should find that the injury to one plaintiff and the death of the other were caused by the negligence of these employees or either of them, while operating defendant's engine and car at the time of, or immediately prior to the accident, your verdict should be for plaintiffs and against the defendant, since an employer is bound by the acts of his employees while acting within the scope of their employment, and their negligence is, in law, deemed to be the employer's negligence.''

The authorities are legion to the effect that a so-called ''formula'' instruction must contain all the elements essential to a recovery, and the absence of any one of such elements may not be compensated for nor cured by a reference thereto in other instructions correctly and fully stating the law. This principle is well stated in *Beyerle* v. *Clift*, 59 Cal. App. 7, 9 [209 Pac. 1015], wherein it is held that ''if an instruction by its terms purports to state the conditions necessary to a verdict, it must state all those conditions and must not overlook pleaded defenses on which substantial evidence has been introduced. 'It is clear that an instruction directing a verdict for the plaintiff in the event that the jury finds certain facts to be true, must embrace all the things necessary to show the legal liability of the defendant and to warrant the direction or conclusion contained therein that plaintiff is entitled to a verdict, and such is the rule in this state.' . . . The court gave other instructions on the subject of contributory negligence, the correctness of which is not challenged. But this is not sufficient to overcome the prejudicial character of the erroneous instructions. 'It is true that other instructions were given at the request of defendant that stated the law in these respects as favorably to defendant as was warranted, if not

more favorably. But the giving of these instructions simply produced a clear conflict in the instructions given the jury by the court, and it is impossible for us to say which instruction the jury followed in arriving at a verdict in favor of plaintiff.' . . . '' Other cases announcing a substantially similar rule are: *Rathbun* v. *White,* 157 Cal. 248, 253 [107 Pac. 309]; *Pierce* v. *United G. & E. Co.,* 161 Cal. 176, 184 [118 Pac. 700]; *Killelea* v. *California H. Co.,* 140 Cal. 602, 604 [74 Pac. 157]; *Sterne* v. *Mariposa,* 153 Cal. 516, 521 ·[97 Pac. 66]; *Starr* v. *Los Angeles Ry. Co.,* 187 Cal. 270, 275 [201 Pac. 599]; *Fidelity etc. Co.* v. *Paraffine Co.,* 188 Cal. 184, 192 [204 Pac. 1076]; *Rush* v. *Lagomarsino,* 196 Cal. 308, 319 [237 Pac. 1066]; *Sappenfield* v. *Main St. R. Co.,* 91 Cal. 48, 59 [27 Pac. 590]; *Estate of Cunningham,* 52 Cal. 465, 466; *Zolkoske* v. *United States F. & L. Co.,* 72 Cal. App. 63, 67 [236 Pac. 344]; *Keena* v. *United R. R. of S. F.,* 57 Cal. App. 124, 126 [207 Pac. 35]; *Dunne* v. *Hines,* 50 Cal. App. 345, 350 [195 Pac. 276]; *Tognazzini* v. *Freeman,* 18 Cal. App. 468, 473 [123 Pac. 540].

█ At first blush the instruction complained of upon this appeal might seem to be fatally defective, in the light of the foregoing authorities, because of its failure to touch upon the subjects of contributory negligence and proximate cause. We are not prepared to say, however, that said instruction was given to or accepted by the jury as a ''formula'' instruction. It does not purport to be a complete statement of the law upon which the plaintiffs might recover, but served merely to inform the jury that responsibility attaches to a principal for the negligent acts of his servant committed within the scope of the latter's employment. The concluding language thereof supports this view, for, following the direction that verdicts be brought in for the plaintiffs if the jury be of the opinion the accident resulted from the negligent operation of the train by defendant's employees, the instruction states ''since an employer is bound by the acts of his employees while acting within the scope of their employment, and their negligence is, in law, deemed to be the employer's negligence.'' In our opinion the instruction constitutes nothing more than an expression of the doctrine of *respondeat superior*. This being so, the instruction need not have set forth all of the

elements essential to recovery by the plaintiffs. Our examination of the record discloses that these several elements were fully and properly expressed to the jury in the many other instructions given by the lower court.

In the case of *Towne* v. *Godeau*, 70 Cal. App. 148, 154 [232 Pac. 1010], it was admitted, as here, that the person whose negligence was alleged to have caused the plaintiff's injuries was in the employ of the defendant at the time of the accident. Upon the trial the court there instructed the jury, in part, as follows: "If you are satisfied from the evidence that at the time of the collision the defendant J. B. Beauregard was acting within the scope of his employment and doing what his employer had directed, and any damage resulted therefrom, J. S. Godeau is responsible therefor, whether the damage be occasioned by negligence or by a wanton or reckless purpose to accomplish the master's business in an unlawful manner." The defendant urged upon appeal that the foregoing instruction was erroneous in that it "ignores the essential ingredient that the doing of the thing in an unlawful manner must be (1) the approximate cause of the injury, and (2) the plaintiff must not be guilty of contributory negligence." This contention was held to be without merit, the appellate court therein declaring: "It is apparent that the instruction was not intended as a statement of the elements necessary to a recovery, but of the employer's liability for the acts of his employee within the scope of the employment. Other instructions very fully and clearly cover the questions of proximate cause and contributory negligence, and, in view thereof, it does not appear possible that the jury could have been misled by the one of which complaint is made." We think this reasoning is peculiarly applicable to the case now before us. As intimated above, the jury in no less than ten separate and distinct instructions were fully and correctly informed upon the subjects of proximate cause and contributory negligence. An attempt will not be made herein to set forth each of these several instructions. The following excerpt from one will suffice to illustrate their context: "You are instructed . . . if at said time and place they [plaintiffs] were guilty of any negligence directly and proximately contributing to their accident, in any de-

gree, however slight, your verdict will be for the defendant, notwithstanding you may believe that the defendant itself was guilty of negligence.'' In the light of the trial court's exposition of the law in other instructions it is inconceivable that the jury could have been misled by the instruction complained of. But, even if it be said that the instruction was erroneous, the following from *Alloggi* v. *Southern Pacific Co.*, 37 Cal. App. 72, 78 [173 Pac. 1117], quoted with approval in *Saltzen* v. *Associated Oil Co.*, 198 Cal. 157, 161 [244 Pac. 338], would seem to be pertinent: ''We are not unmindful of the rule that conflicting and contradictory instructions upon a material phase of the case require a reversal where it cannot be ascertained from the record before us which instruction prevailed, or was likely to prevail, with the jury. While it is true that the instruction complained of in the present case is erroneous, and in a measure in conflict with several other instructions which correctly stated the rule of law relative to contributory negligence, nevertheless the correct rule of law was so specifically stated and restated to the jury that we feel that the idea in the several correct instructions must have preponderated in the consideration of the jury, and that as a consequence the erroneous instruction neither contributed to nor controlled the verdict.'' In passing, it may also be said that the Saltzen case, *supra*, concludes ''that this court ought not to adopt or give application to a rule that the positive effect of an express instruction upon a specific subject which is admittedly correct will be overcome by a general though erroneous instruction not expressly dealing with that subject in the absence of a very clear showing that the jury have been misled thereby.'' ■ Jurors are presumed to be persons of common intelligence and capable of comprehending the ordinary use of language as applied to the particular proposition under consideration and in reference to which it is employed. We will not assume that they may not have understood the charge as we understand it. ■ The instructions must be considered in their entirety, and if, as so considered, they state the law of the case fairly and clearly, then they are, as a whole, unobjectionable, even though by selecting isolated passages from single instructions they may in some respects be amenable to just criticism.

█ We find no merit in appellant's further contention that Douglas and White were trespassers or, at the most, mere licensees upon the platform of the Banning Company at the time of the accident, thus relieving the appellant of responsibility for any injuries sustained by them "except through gross and wilful negligence." It is elementary that Douglas and White had the legal right to be upon the platform as against everyone except the Banning Company, the lessee and possessor thereof. The decisions relied upon by the appellant in support of this contention are not in point, for each presented a situation wherein the asserted trespasser or licensee had instituted an action for damages against the one in lawful possession of the property wrongfully entered and upon which the injury was received.

█ Moreover, the contention does not merit consideration, for it is apparently now being urged for the first time. Throughout the trial and before the district court of appeal the appellant confined itself to the contention that its servants at the time of the accident had not negligently operated the train. This is borne out by the statement in the appellant's original reply brief that it was "only charged with operating a train over and upon the track with ordinary care. . . . "

For the foregoing reasons the judgments appealed from are and each is affirmed.

Richards, J., Curtis, J., Preston, J., Shenk, J., Seawell, J., and Langdon J. concurred.

Rehearing denied.

All the Justices present concurred.