[Civ. No. 3835. Third Appellate District.—April 4, 1930.]

JEFF LOWERY, Respondent, v. L. P. HALLETT, Appellant.

Irving D. Gibson for Appellant.

Felix M. Cunningham and Vincent W. Hallinan, *Amici Curiae* for Appellant.

L. C. Smith for Respondent.

FINCH, P. J.—This is an appeal by the defendant from a judgment in favor of the plaintiff for damages. The facts upon which the judgment is based are as follows:

At the time the alleged injuries were suffered by the plaintiff, he and the defendant were residing on a ranch near Redding. The defendant "wanted to see the country over there at Goose Valley," and he asked the plaintiff "to go along with him and show him the country," the plaintiff being familiar therewith and the roads leading thereto, while the defendant was not. The plaintiff accepting the invitation, the parties proceeded on the contemplated journey in the defendant's Buick touring car, driven by the defendant. A part of their course was along the highway running easterly from Redding to Burney. When they had reached a point within about three miles of Burney they came to a straight and comparatively level stretch of road about a mile in length, at the end of which the highway curves to the left. The defendant drove over this stretch of road at a speed of between fifty and fifty-five miles an hour and continued around the curve at the same speed until his automobile ran off to the right and into a large tree about 290 feet from the commencement of the curve, thereby causing the injuries for which the plaintiff claims damages. During all this time the plaintiff, who is a half-blood Indian, was watching the speedometer and knew the speed at which the automobile was going, but he made no protest or suggestion to the defendant in relation thereto. The plaintiff testified that he did not make any protest because he was "afraid he would go faster".

and that he "thought he would slack up a little" at the curve.

Appellant contends that the plaintiff was guilty of contributory negligence as a matter of law and that a nonsuit should have been granted. A similar contention was considered and answered in the negative by the Supreme Court in *Shields* v. *King,* 207 Cal. 275 [277 Pac. 1043], and in *Benjamin* v. *Noonan,* 207 Cal. 279 [277 Pac. 1045]. Those cases and the authorities cited therein are deemed decisive of this.

■ Complaint is made of the following instruction, given at the plaintiff's request:

"You are instructed that the maximum speed at which a motor vehicle was permitted to travel on the public highway in the state of California on the 21st day of August, 1927, was thirty-five miles per hour, and if you believe from the evidence that the defendant, L. P. Hallett, was driving the automobile in which the plaintiff was riding, at a rate of speed in excess of thirty-five miles per hour at the time the accident happened, the said defendant was operating said automobile in violation of the law of the state of California, and if said violation was the proximate cause of the accident, defendant was guilty of negligence as a matter of law, and if said negligence was the proximate cause of the injury to plaintiff, your verdict must be in favor of the plaintiff."

Another instruction to the same effect was given. Admittedly the instruction is erroneous in stating that the speed limit was thirty-five miles an hour at the time of the accident, August 21, 1927. (California Vehicle Act, sec. 113, Stats. 1927, p. 1436.) The error in the instruction was not prejudicial, however, because the uncontradicted evidence is to the effect that the speed was negligently excessive. The plaintiff testified that the defendant was driving in excess of fifty miles an hour at the time of the accident. No attempt was made to overcome this evidence. The defendant did not testify in the case, and his silence tends to strengthen the case made by the plaintiff.

■ The court, after reading subdivision (a) of section 113, instructed the jury that if the defendant drove his automobile in violation of that subdivision "he was guilty of

negligence as a matter of law, and if such negligence was the proximate cause of the injury to plaintiff, your verdict must be in favor of the plaintiff." In another instruction the court stated that if the defendant. "failed to exercise ordinary care in the operation of the automobile, . . . and that by reason of the failure of said defendant to exercise ordinary care in the operation of said automobile, plaintiff received the injuries complained of, it is your duty to return a verdict in favor of the plaintiff." No reference is made in any of the four instructions mentioned to the issue of contributory negligence. Appellant contends that all of such instructions are prejudicially erroneous by reason of such omission. It may be conceded that, considering the instructions abstractly, they are incomplete and inaccurate, but, under the circumstances of this case, later to be considered, they are not deemed prejudicial. Two subsequent instructions, given at the defendant's request, are as follows:

"If you find from the evidence that plaintiff was guilty of any negligence which proximately contributed to his alleged injury, or was guilty of any lack of ordinary care, whether by doing an act or by omitting to do what a person of ordinary care and prudence would have done under the same or similar circumstances, and such lack of ordinary care, act or omission, if any such there was, proximately contributed in any degree to the accident, and without which the accident would not have occurred, then you cannot go further and apportion the negligence, if any, between the parties, but in such event plaintiff was guilty of contributory negligence which defeats his recovery and your verdict must be in favor of defendant and against plaintiff."

"I further instruct you that a passenger in an automobile operated by another not for hire is required to use ordinary care for his own safety. If he is aware that the operator is carelessly operating the automobile, or is carelessly rushing into danger, it is incumbent upon him to take such steps as an ordinarily prudent person would take under the same circumstances for his own safety.

"I therefore instruct you that if you find from the evidence that said plaintiff, while a passenger in the automobile in which he was injured, by the exercise of ordinary care could have avoided the injuries which he received, and

that such failure of plaintiff to exercise ordinary care proximately contributed to his injuries then your verdict should be for the defendant.''

Since the evidence shows that the defendant was guilty of negligence as a matter of law, the only issue in the case, other than as to the amount of damages, was the alleged contributory negligence of the plaintiff. During the cross-examination of the plaintiff he repeatedly stated that he made no protest or suggestion to the defendant in relation to the speed of the automobile. Thereafter counsel for the plaintiff, misconceiving the effect of the decision of this court in *Brown* v. *Davis,* 84 Cal. App. 180 [257 Pac. 877], moved the court, in the presence of the jury, to strike out all such testimony. The court granted the motion, saying in effect that the plaintiff's conduct, or omissions, did not constitute contributory negligence. Thereafter, counsel for the plaintiff, thinking that possibly he had led the court into error, moved the court to change the ruling striking out the aforesaid evidence, and the court granted the motion, saying:

''The motion to withdraw the objection to the questions as propounded and also the motion to strike out the answers of the plaintiff, and the motion to withdraw the objection to said answers will be granted and the objection will be overruled and the answers will stand and the court will instruct the jury that they are to disregard the remarks of the court in regard to whether or not such acts proximately contributed to the injury of the plaintiff, and that it will be their duty under the instructions of the court and the law and the evidence as offered to determine whether such acts on the part of the plaintiff proximately contributed to his injury and not to consider the remarks of the court in determining that question as to whether or not such acts were contributory negligence.''

After all the things mentioned had occurred, and after the court had given the instructions on contributory negligence quoted herein, it seems impossible that the jurors could have been misled by the omission of any reference to the issue of contributory negligence in the first four instructions referred to herein. Presuming that they were persons of ordinary intelligence, they must have understood that

any contributory negligence on the part of the plaintiff was sufficient to bar a recovery. It is by no means certain that jurors would understand such instructions, standing alone, to exclude the consideration of contributory negligence. It has been held that the use of the words "the proximate cause" of negligence "necessarily implies that it is the only proximate cause." (*Straten* v. *Spencer*, 52 Cal. App. 98, 106 [197 Pac. 540, 543]. See, also, *Douglas* v. *Southern Pac. Co.*, 203 Cal. 390, 393 [264 Pac. 237], and *Saltzen* v. *Associated Oil Co.*, 198 Cal. 157, 161 [244 Pac. 338].) If the word "proximate," as used in the instructions under consideration, had been preceded by the word "only" or "sole," there would have been no error in the omission of any reference to contributory negligence. What is said herein is not intended as an approval of the form of those instructions, but only as reasons for holding that, under the particular facts of this case, they are not prejudicially erroneous.

Appellant complains of the court's refusal to give other requested instructions on the subject of contributory negligence, but the instructions on that subject herein set forth clearly cover the questions of law involved and, from what has already been said, it appears that the jurors must have fully understood their duty in that connection.

Appellant contends that section 141¾ of the California Vehicle Act (Stats. 1929, p. 1580), providing "in substance that no guest in a vehicle upon a public highway has a right of recovery against the driver for injuries, sustained, except through intoxication, willful misconduct or gross negligence of the driver, . . . applies to the instant case and that any previous right of action of plaintiff fell with the enactment of this section." The appeal from the judgment herein was pending in this court at the time section 141¾ became effective. In *Krause* v. *Rarity*,* (Cal. App.) 283 Pac. 886, a case involving a similar situation, it was held that "section 141¾ of the California Vehicle Act is not retroactive and has no bearing whatsoever upon the case at bar." This holding was expressly approved by the

---

*REPORTER'S NOTE.—The Supreme Court granted a hearing in the case of *Krause* v. *Rarity*, on April 17, 1930. The opinion of the Supreme Court is reported in (Cal.) 285 Pac. 879.

Supreme Court in *Smellie* v. *Southern Pac. Co.*,\* (Cal.) 276 Pac. 338, decided April 1, 1930.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.

\*REPORTER'S NOTE.—The Supreme Court granted a rehearing in the case of *Smellie* v. *Southern Pac. Co.*, on April 28, 1930.