[Sac. No. 4222. In Bank.—February 24, 1931.]

FRANK STOWELL, Respondent, v. C. D. EVANS et al., Appellants.

W. T. Belieu for Appellants.

A. A. King and H. W. McGowan for Respondent.

PRESTON, J.—Action for damages for assault and battery.

On December 10, 1926, plaintiff and a companion were trespassers upon the inclosed and duly posted game preserve of defendant Spalding Company, a corporation, then and there in charge of the defendant Evans, who was also a duly commissioned deputy sheriff of the county of Glenn.

Plaintiff was in quest of wild geese and both he and his companion had shotguns. Defendant Evans was in company with two other men named Pain and Boyd. He discovered the trespassers upon the premises and called to them to come to where he was. It seems that he was stationed at a point between the hunters and the place where their machine was parked. The two hunters approached, the companion being slightly in front of plaintiff. Evans displayed his badge of authority, told the companion who he was, asked him to consider himself under arrest and ordered him to unload his gun and deliver it to him, which was done. Plaintiff, seeing what was going on, yelled to his companion and directed him not to surrender the gun. Later plaintiff came into the presence of defendant Evans and was told by him to deliver up his gun and consider himself under arrest. Plaintiff declined to surrender his gun.

At this point the evidence is in conflict. Plaintiff contends that he merely asked Evans to show his authority to take and receive from him the gun. Evans and the other witnesses testified that plaintiff made a demonstration as if to use the gun upon Evans. At any rate, Evans, whether justified or not, then struck plaintiff on the head with the empty gun barrel and fractured his skull. The arrest was thereupon completed and the two trespassers were taken before a magistrate and there booked for trial. Plaintiff has practically recovered from his injury.

He sued defendants, one as servant and the other as the responsible master, claiming that the assault and battery were unprovoked and unlawful. Defendants interposed in the main a plea of self-defense, although it might be said that the defense that Evans was using only the force neces- sary to overcome the resistance of plaintiff and effectuate his arrest was also made. ■ Under the circumstances, the defense of defendants could only have been either one of the three following propositions: (1) Action necessary for self-defense; (2) use of only so much force as was neces- sary to subdue plaintiff and effect his arrest (*People* v. *Hardwick*, 204 Cal. 582, 586 [59 A. L. R. 1480, 269 Pac. 427]); or, (3) the use of so much force only as was neces- sary to eject plaintiff from the premises (*Livesey* v. *Stock*, 208 Cal. 315, 317 [281 Pac. 70]; *Walker* v. *Chanslor*, 153 Cal. 118, 126 [126 Am. St. Rep. 61, 17 L. R. A. (N. S.) 455 94 Pac. 606]).

It will be noted, however, that as to all these defenses, the essence of the question involved is: Did the defendant Evans use an excessive amount of force upon plaintiff under the circumstances? The jury answered this question in the affirmative and assessed damages against defendants jointly at $3,800. The court on motion for new trial directed that it be granted unless the plaintiff would waive all of said ver- dict in excess of $1500. Presumably the plaintiff did this as the defendants are now prosecuting this appeal.

It is conceded that there is such conflict in the evidence that the verdict may not be disturbed upon the ground that no evidence exists to support it. ■ The sole reliance for reversal is upon a series of instructions given by the court at the request of plaintiff, which defendants characterized as so-called formula instructions, directing a verdict for plaintiff, without specifying all the ingredients necessary for such a declaration. We have examined the several instruc- tions and have carefully read and considered the charge as a whole. We are of the view that, construing the instructions as a whole, it cannot be said that the ones complained of were intended to be so-called formula instructions nor that they had a prejudicial effect upon defendants.

■ For example, a portion of instruction number one reads: " . . . Therefore if you find from all of the evidence in this case that C. D. Evans as an employee and agent of

the defendant Spalding Company and also acting individually committed an assault and battery by using unlawful force and violence upon the person of the plaintiff, Frank Stowell, your verdict should be in favor of the plaintiff.'' It is true that, standing alone, there is error in this instruction for it omits to mention self-defense as well as the other defenses above mentioned, but the insertion of the words "by using unlawful force and violence", left the instruction open so as to be read in connection with any other instructions relating to the issues involved and we find that instructions numbers 3, 5, 12 and 13, given at the request of plaintiff, and instruction number 14, given at the request of defendant, when read together, cover all the elements contained in plaintiff's complaint and cover the three above-mentioned defenses that were urged or could have been urged by the defendants.

We think the situation is controlled by such cases as *Douglas* v. *Southern Pac. Co.*, 203 Cal. 390 [264 Pac. 237], and *Saltzen* v. *Associated Oil Co.*, 198 Cal. 157, 161 [244 Pac. 338].

This being true, it follows that the judgment must be and it is hereby affirmed.

Curtis, J., Seawell, J., Shenk, J., Richards, J., Waste, C. J., and Langdon, J., concurred.

Rehearing denied.