[Civ. No. 7969. First Appellate District, Division One.—February 11, 1932.]

MARION R. JEWELL et al., Respondents, v. JAMES BELL et al., Appellants.

Owen D. Richardson, Donald B. Richardson and E. M. Rea for Appellants.

Avery J. Howe for Respondents.

DOOLING, J., *pro tem.*—This is an action by the surviving husband and minor child of Phyllis Edna Jewell for her death which was caused by a collision between an automobile in which she was riding as a guest and a truck and trailer being operated by appellant Sauls in the business of the other appellants. The jury brought in a verdict against appellants and in favor of Wulbern, the driver of the automobile in which Mrs. Jewell was riding.

Appellants contend that there is no evidence sufficient to support the verdict against them.

The truck and trailer, which had been proceeding southerly on the highway between San Francisco and San Jose, were parked upon the paved portion of the highway at a

point slightly northerly of the northerly limits of the town of Belmont at the time the collision occurred. There was a dirt shoulder at this point wide enough to have permitted the parking of these vehicles entirely off the paved portion of the highway. While the truck and trailer were so parked, and some time between 10 and 11 o'clock P. M., the car driven by Wulbern proceeding southerly collided with the rear end of the trailer and as a result of injuries received in the collision Mrs. Jewell died.

Section 136 of the California Vehicle Act prohibits the parking of any motor vehicle upon the paved portion of any highway, outside of a business or residence district, when it is practicable to park such vehicle off of the paved portion, but contains the following exception:

"The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a public highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position."

Appellant Sauls, the driver of the truck and trailer, testified that on the night in question when he was about the point of the accident his motor back-fired a few times and then died, bringing truck and trailer to a stop; that he was unable to start the motor again and upon investigation found that the strainer on his gas feed was clogged with lint and dirt; that he disconnected the strainer and cleaned it out and had just finished connecting the gas line again when the collision occurred. Since Sauls was the only person present at the time, this testimony could not be and was not directly contradicted. This being so, appellants claim that since it appeared without contradiction that the truck and trailer were disabled to such extent as to make it impossible to avoid stopping and leaving them on the paved portion of the highway the case falls within the exception of section 136 of the California Vehicle Act above quoted and the finding of the jury that Sauls was negligent is without support in the evidence.

It may be conceded to be the law of this state that a finding which is contrary to the uncontradicted evidence of a witness cannot stand unless there are other facts or circumstances in the case casting doubt upon its accuracy,

But the qualification is as important as the rule and given any facts or circumstances reasonably calculated to cast doubt on the testimony the jury's action in disbelieving it cannot be interfered with on appeal. The classic statement of this rule in California is found in the opinion of Mr. Justice Lorigan in *Davis* v. *Judson,* 159 Cal. 121, 128 [113 Pac. 147], and it has frequently been reiterated. (*Blanc* v. *Connor,* 167 Cal. 719, 722 [141 Pac. 217]; *Travis Glass Co.* v. *Ibbetson,* 186 Cal. 724, 727, 728 [200 Pac. 575]; *Caldwell* v. *Weiner,* 203 Cal. 543, 546 [264 Pac. 1100].)

With this rule in mind, and keeping in view the fact that the testimony of Sauls as to the reason for his stopping was not susceptible of direct contradiction, since nobody else was present between the time he stopped and the time when the accident occurred, it is significant that on two of the points of most importance covered by that part of his testimony which was open to direct contradiction he was flatly contradicted. Sauls testified that his truck was brought to a stop at a point on the highway where there was a sight upgrade. Four witnesses for plaintiffs stated that truck and trailer had both passed the peak of this upgrade portion of the highway and were standing on a portion of the highway where there was a slight downgrade. The materiality of this testimony will appear hereinafter in connection with the consideration of the testimony of the witness Vandervoort. Sauls further testified that he had just concluded his repairs on the truck and was standing beside the front end wiping his hands when he saw Wulbern's automobile approaching at some distance with only one headlight burning, and that fearing the possibility of a collision he hurried to the rear of the trailer and had reached a point ten or fifteen feet behind the trailer when Wulbern's car passed him and struck the trailer, and that thereupon he went immediately to Wulbern's car and reached it just as Wulbern had one foot on the running-board in the act of getting out. Wulbern testified that after the collision he called for the driver of the truck, received no answer, got out of his car, fell to the ground because of an injury to his leg, dragged himself up and passed around the back of his car to its right side before Sauls appeared walking from the west side of the road where there were some eucalyptus trees. Wulbern was

corroborated in this by the witness Sparks, who stated that when he arrived Wulbern was hopping around on the right side of his car and Sauls was just approaching, coming from the west.

With these contradictions of Saul's testimony in the record we cannot hold that the jury were not justified in disbelieving his explanation of his stopping. (*Market St. Ry. Co.* v. *George*, 116 Cal. App. 572 [3 Pac. (2d) 41].)

In addition the witness Vandervoort, a truck operator of many years' experience, testified that at the point where truck and trailer were placed by all the witnesses but Sauls, with the slight downgrade there existing, when the motor back-fired Sauls could have thrown it out of gear and coasted to the dirt shoulder and entirely off the pavement. While appellants make light of this testimony, and it is not of the strongest character, its weight was for the jury and if they chose to believe it this court cannot interfere with their conclusion.

The court gave the following instruction:

"If you find from the evidence that Sauls, driver of the truck, violated the State Motor Vehicle Act by stopping upon the paved portion of the highway outside of a business or residence district, then this is negligence of itself, and it is conclusive negligence until the defendant has shown by a preponderance of the evidence that such stopping was justifiable or excusable under the circumstances; and if it is not shown by a preponderance of the evidence that such stopping was justifiable and excusable, then your verdict must be for the plaintiffs."

This instruction is attacked by appellants because it omits the element of proximate cause. Standing alone it is subject to this criticism. It was, however, immediately preceded by an instruction that if Sauls did stop on the paved portion of the highway and as an ordinarily prudent person could have parked off the paved portion "and because of his failure so to do he contributed proximately to the accident" the verdict should be against appellants; and it was immediately followed by an instruction that if it was not impossible for Sauls to park off the paved portion, but on the contrary it was possible and "if you find that such failure to drive and stop off the paved portion of the highway contributed proximately to the death of Mrs. Jewell"

the verdict should be against appellants. The jury were fully instructed on proximate cause and were repeatedly told that they could not bring in a verdict against appellants unless they found that Sauls was negligent and his negligence proximately caused the injuries and death. One example of such instruction will suffice:

"I instruct you that in order to render a verdict against the defendants, Gilroy Express Company, James Bell, Charles Griffen or T. C. Sauls, you must find not only that defendant T. C. Sauls was guilty of some act of negligence at the time and place of the accident, but that his negligence was a proximate cause of the accident."

Taking the instructions as a whole, we are satisfied that the jury cannot have been misled by the criticised instruction, nor have regarded it as a formula instruction. Because of the emphasis given throughout the instructions to proximate cause the jury must have understood this instruction as merely intended to inform them that the burden of producing evidence was on appellants to bring themselves within the exception of section 136 of the California Vehicle Act, once it was established that the truck and trailer had been stopped on the paved portion of the highway. We are satisfied that this case on this point falls within the rule of *Douglas* v. *Southern Pac. Co.*, 203 Cal. 390 [264 Pac. 237], *Stowell* v. *Evans*, 211 Cal. 565 [296 Pac. 278]; *Lindenbaum* v. *Barbour*, 213 Cal. 278 [2 Pac. (2d) 161], *Barham* v. *Widing*, 210 Cal. 206 [291 Pac. 173], *Saltzen* v. *Associated Oil Co.*, 198 Cal. 157 [244 Pac. 338], and *Burk* v. *Extrafine Bread Bakery*, 208 Cal. 105 [280 Pac. 522].

Appellants complain of the use of the expression "contributed proximately" in the several instructions instead of the words "proximately caused". The use of the expression is explained by the fact that the driver of the other car was joined as a defendant; and the jury must have understood, as we do, that "contributed proximately" is synonymous with "contributed as a proximate cause".

Judgment affirmed.

Knight, Acting P. J., and Cashin, J., concurred.