[Civ. No. 9709. Second Appellate District, Division One.—April 27, 1936.]

HERBERT C. HALL et al., Respondents, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

Frank Karr, E. E. Morris, C. W. Cornell and O. O. Collins for Appellant.

Voltaire Perkins and Walker Sanborn for Respondents.

SHINN, J., *pro tem.*—Appeal by defendant from a judgment after verdict in favor of plaintiffs in an automobile and street-car collision case.

The first point urged on the appeal is that two women jurors were prejudiced against the defendant so as to be

unable to give it a fair trial, although they denied having any prejudice upon their *voir dire* examinations. The evidence relied upon to show prejudice consisted of admissions of the two jurors, when called for service upon another jury in a case against the same defendant, that they had feelings of prejudice with respect to said defendant which they thought would prevent their acting as impartial jurors. These admissions were made three days after the verdict was rendered in the present case. The record does not show whether the jurors were prejudiced in favor of or against the defendant, the statements showing only that they entertained a feeling of prejudice. But if we assume, as the defendant does, that the jurors were prejudiced against the railway company, it does not appear from their statements, nor is it a fair inference, that the state of mind they admitted when questioned in the second case was not acquired after the close of the first trial. In the absence of evidence to the contrary, it will be presumed that the jurors were truthful at both times and so were qualified to act as jurors in the present case. Such is the impression we gain from reading the testimony.

█ The following instruction was given at the request of plaintiffs: "You are instructed that if you find from the evidence that both Herbert C. Hall and Ann Hall, or either of them, were suffering any ailment prior to the accident in question, and that the accident in question was caused by the negligence of the Pacific Electric Railway Company, then nevertheless the plaintiffs herein are entitled to recover for damages for such aggravation of their preexisting condition as was caused by the accident. If, as a result of the defendant's negligence, the condition of Herbert C. Hall and Ann Hall was aggravated thereby, they are entitled to recover for damages for such amount as they have suffered by reason of such aggravation of their condition." The instruction was incomplete in that it omitted the element of contributory negligence. Other and correct instructions were given upon the defense of contributory negligence. The defendant contends that the instruction was a formula instruction and that therefore it should have stated all of the conditions essential to plaintiffs' right to recover and that the failure to include therein a statement of the doctrine of contributory negligence requires a reversal of the judgment. The general rule is that

"if an instruction by its terms purports to state the conditions necessary to a verdict, it must state all of those conditions and must not overlook pleaded defenses on which substantial evidence has been introduced". (*Beyerle* v. *Clift,* 59 Cal. App. 7 [209 Pac. 1015].)

Read by itself, the instruction is subject to the criticism directed against it, but we think it takes on a different meaning when read with other instructions given at the request of the parties. In three separate instructions relating to the claimed injuries to Herbert C. Hall, suffered in the accident, the jury was told that he could not recover for any physical infirmities that may have existed prior to the time of the accident, and that if it was not shown by a preponderance of the evidence that the condition of said plaintiff was the result of the accident and not of some physical disability, illness or disturbance unrelated to the accident, he could not recover damages on account of his physical condition. Three similar instructions were given as to the claimed injuries of plaintiff Ann Hall. When the instruction questioned is read with these other instructions, it does not appear to cover the broad field which defendant assumes that it covers. We do not think it would have been understood by the jury as a direction to bring in a verdict in favor of plaintiffs upon the certain condition stated, but that it would have been understood as we understand it, as an instruction upon the matter of damages. It deals with the aggravation of preexisting conditions solely. It does not even purport to cover the entire subject of damages but only a particular phase thereof. Read with the other instructions, a reasonable interpretation of this instruction would be that the defendant would be liable for the aggravation of existing ill or infirm conditions, rendered more serious by the injuries received in the accident. The subject of liability for negligence was covered in numerous other instructions with such clarity and emphasis as to convince us that the rules therein stated could not have been overcome by the references to negligence and the absence of a statement of the rules of contributory negligence in the instruction in question. While the instruction is faulty in treating of the question of negligence and liability without a complete statement of the rules applicable thereto, it is not to be considered as an attempted formula instruction which

omitted one or more of the conditions which must exist to support a recovery. The instruction falls within the class of which it was said in *Alloggi* v. *Southern Pacific Co.*, 37 Cal. App. 72 [173 Pac. 1117] (quoted and approved in *Douglas* v. *Southern Pacific Co.*, 203 Cal. 390 [264 Pac. 237], and *Saltzen* v. *Associated Oil Co.*, 198 Cal. 157 [244 Pac. 338]), ''While it is true that the instruction complained of in the present case is erroneous, and in a measure in conflict with several other instructions which correctly stated the rule of law relative to contributory negligence, nevertheless the correct rule of law was so specifically stated and restated to the jury that we feel that the idea in the several correct instructions must have preponderated in the considerations of the jury, and that as a consequence the erroneous instruction neither contributed to, nor controlled, the verdict.''

A second instruction complained of by defendant was subject to the same criticism as the first one. What we have said as to the first instruction applies equally to the second one, which also, we think, would have been understood by the jury as placing such emphasis upon the question of damages as to render the references to liability quite incidental and harmless.

In other instructions it was stated that plaintiffs were entitled to recover for injuries which might be found to be the result of the negligence ''solely of the defendant Pacific Electric Railway Co.''. Of these instructions the defendant complains that they failed to state that the negligence of the defendant, for which recovery might be had, must be the proximate cause of the injuries. Defendant was not hurt by the instructions. The ''sole'' cause of an accident is necessarily the ''proximate'' cause. The instructions were more favorable to the defendant than they were to the plaintiffs.

It is finally contended that no instruction should have been given upon the matter of the aggravation of preexisting unsound physical conditions of Mrs. Hall, for the reason that the testimony of Dr. Desser, relied upon by plaintiffs, failed to show any aggravation of such conditions attributable to the accident. The doctor's testimony as a whole does leave the matter enshrouded in doubt, but we find therein a statement substantially to the effect that in his opinion the aggravated condition of his patient was the result of the 'jar she received in the accident. Although this opinion was strongly

contradicted by the testimony of other witnesses, it was sufficient, in our opinion, to justify the submission of the issue to the jury. The instructions upon the subject were in proper form and in giving them the court did not err.

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 22, 1936.