[Civ. No. 5465. Fourth Dist. July 15, 1957.]

LEONA G. BURNS, Appellant, v. EDWARD DELOS CHURCHILL, Respondent.

Walter W. Heil for Appellant.

McInnis, Hamilton & Fitzgerald, John W. McInnis and William T. Fitzgerald for Respondent.

GRIFFIN, J.—Appeal by plaintiff from a judgment entered upon a jury verdict in favor of defendant. A collision occurred while plaintiff was riding as a guest in her daughter's Pontiac car which was traveling northbound on Eighth Avenue at the intersection of Date Street in San Diego. The street and avenue were each 52 feet wide. The Pontiac was driven by plaintiff's daughter. It was struck by defendant's Buick car which was traveling west on Date Street about 11 o'clock Sunday morning, November 14, 1954. Plaintiff suffered severe injuries. Defendant was not injured. The facts surrounding the accident are in conflict.

Plaintiff, aged 65 years, testified she did not see defendant's car before the collision since she was looking ahead at the adjoining city park; that at the time of the collision her daughter was driving about 15 to 20 miles per hour; and that she did not remember anything after the collision for a few days because she was knocked unconscious. She described her injuries in detail and testified in regard to the hospital and doctor's bills, etc., she had incurred. Plaintiff's daughter was called as plaintiff's witness in regard to her mother's physical condition, but she gave no testimony concerning the facts of the accident. On cross-examination counsel for defendant endeavored to elicit such facts from her but was met by an objection that it was improper cross-examination. Plaintiff then produced a traffic accident investigator for the police

department. He testified generally that there was heavy damage to the front end of the Buick, and heavy damage on the right rear portion of the Pontiac (photographs in evidence so indicate); that plaintiff was found lying near the northwest curb of the intersection; that as to the Buick, there were two separate sets of skid marks, one set extending for about three feet before the point of impact, and another set extending in a northwesterly direction for about 12 additional feet; that there were side brush or skid marks leading from the point of impact up to the Pontiac car, indicating that it had spun completely around; that he saw and measured the skid marks of both cars; that the point of impact was in the northeast part of the intersection about 29 feet north of the south line of the intersection; that the Pontiac was standing about 93 feet north of that point when he first saw it; that he found the Buick standing about 84 feet beyond the point of impact; that he then talked to defendant and defendant said he was going west on Date Street about 25 to 30 miles per hour; that he checked plaintiff's car when she was south of the intersection about 150 feet, through the trees and foliage on the corner, and she was coming pretty fast, over 40 miles per hour; that he was then in the intersection and assumed she would give him the right of way but she did not slow down. The officer testified that under the conditions represented by defendant the intersection would only be blind at a distance in excess of 75 feet south of the south curb of Date Street.

It is plaintiff's contention, on this appeal, that since there is no evidence of contributory negligence on the part of plaintiff, and since there is ample evidence to support a finding of negligence on the part of defendant the trial court, at its own instance, erred in giving an instruction that defendant was presumed to have used ordinary care and that, when considered with other claimed erroneous instructions given or refused, prejudicial error resulted. The instruction given was:

"There is a disputable presumption that every person has obeyed the law and has acted with ordinary care, and that every driver of a motor vehicle has been traveling at a lawful rate of speed and keeping a proper lookout at all times. Such presumption is in the nature of evidence and must prevail and control your deliberations in this case until and unless overcome by proper evidence to the contrary. Such presumption when applied would operate to exonerate the *defendant* of all charges of negligence. You see, it's a disputable presumption, I said. It may be rebutted and shown not to be true in

any particular circumstance. If as to the defendants, such presumption has been overcome by the evidence, then you should disregard such presumption and decide according to the evidence because after all, it's only a presumption and is disputable." (Italics ours.)

The court then followed this with another instruction:

". . . A presumption, unless declared by law to be conclusive may be controverted by other evidence, direct or indirect; but unless so controverted, the jury are bound to find in accordance with the presumption."

These instructions cannot be held to benefit both the plaintiff and the defendant equally because here the plaintiff is a guest passenger in the automobile struck by the defendant's automobile and the defense was not contending that the plaintiff was personally contributorily negligent.

In defending the trial court in giving such an instruction defendant claims that under section 1963, subdivision 4, of the Code of Civil Procedure it is presumed that a person takes ordinary care of his own concerns; that it is proper in any case to give such an instruction because the statute itself places no limitation on its application; that beginning with the celebrated case of *Mar Shee* v. *Maryland Assur. Corp.*, 190 Cal. 1 [210 P. 269], and the decision in *Chakmakjian* v. *Lowe*, 33 Cal. 2d 308 [201 P.2d 801], the rule in the Mar Shee case has been recognized, and that even in *Rogers* v. *Interstate Transit Co.*, 212 Cal. 36 [297 P. 884], it recognized the rule, but modified it and held the presumption of due care running in favor of one is dispelled as a matter of law where his witnesses have fully testified in a negligence case concerning his conduct at the moment of the accident; and that even though it was erroneously given, no prejudicial error resulted.

This issue was squarely met and decided in *Nunnemaker* v. *Headlee*, 140 Cal.App.2d 666 [295 P.2d 438] [Hearing denied]; and *Speck* v. *Sarver*, 20 Cal.2d 585 [128 P.2d 16], where it was stated that it was error to give such an instruction when the party relying upon the presumption testified at the trial as to the circumstances of the collision and also produced witnesses who gave evidence of his acts and conduct just before and after the time of the collision. (See also *Tuderios* v. *Hertz Drivurself Stations, Inc.*, 70 Cal.App.2d 192 [160 P.2d 554]; *Rogers* v. *Interstate Transit Co.*, 212 Cal. 36, 38 [297 P. 884]; *Rozzen* v. *Blumenfeld*, 117 Cal.App. 2d 285 [255 P.2d 850]; *Verhaegen* v. *Guy F. Atkinson Co.*, 126 Cal.App.2d 442 [272 P.2d 855]; *Stout* v. *Southern Pac.*

*R. R. Co.,* 127 Cal.App.2d 491 [274 P.2d 194]; and *Gigliotti v. Nunes,* 45 Cal.2d 85, 93 [286 P.2d 809].)

The crucial point is whether the giving of this erroneous instruction was prejudicial. Many cases, under the particular facts of the case being considered, are reported which bear opposite views on this question. (See *Nunnemaker* v. *Headlee, supra;* *Zollars* v. *Barber,* 140 Cal.App.2d 502 [295 P.2d 561]; *Clary* v. *Lindley,* 30 Cal.App.2d 571 [86 P.2d 920]; *Kelly* v. *Fretz,* 19 Cal.App.2d 356 [65 P.2d 914]; *Ford* v. *Chesley Transp. Co.,* 101 Cal.App.2d 548 [225 P.2d 997]; *Tuderios* v. *Hertz Drivurself Stations, supra;* and *Speck* v. *Sarver, supra.*)

Before answering this question we will review the remaining points raised. The trial court refused plaintiff's proffered instruction in the language of BAJI Number 104-B, concerning concurring proximate causes. Considering the evidence as to possible negligence of both drivers, it appears to us this was a proper instruction and should have been given. In a given instruction the court did state that in order to recover a verdict for plaintiff it was necessary for her to establish, by a preponderance of the evidence, that the damage suffered by her "was proximately caused by defendant's negligence" and that she "can't recover" unless "they resulted proximately from his negligence." In other instances the court did define "proximate cause" and said it was not necessarily the sole cause but a cause which in its natural and continuous sequence, unbroken by any new cause, produced an event without which the event would not have occurred, or that it was one of the causes that contributed proximately to the cause of her injury.

Standing alone, the refusal of the proffered instruction might have been justified on the ground that the general subject matter was covered by the instructions given. (*Jewell* v. *Bell,* 120 Cal.App. 682 [8 P.2d 223].) However, plaintiff was seeking to have the jury more fully instructed that it would be possible for plaintiff to recover if both drivers were guilty of negligence where defendant's negligence was *a* proximate cause of her injuries. It appears to us the refusal to give this instruction, when considered in connection with the instruction given that defendant was presumed to have used due care, may well have led the jury to believe that before plaintiff could recover, it was necessary to find that defendant's negligence was the sole proximate cause of her injuries and that defendant was entitled to the aid of

the presumption of due care. There was certain evidence admitted regarding partial payment of plaintiff's hospital and medical bills by an insurance company, adduced by counsel for defendant, on cross-examination of the plaintiff, on the theory of impeachment. Any improper reference to insurance may well be avoided on another trial. A new trial should have been granted. (*Scott* v. *Renz*, 67 Cal.App.2d 428 [154 P.2d 738]; *Palmer* v. *Brown*, 127 Cal.App.2d 44 [273 P.2d 306]; *Sills* v. *Los Angeles Transit Lines*, 40 Cal.2d 630 [255 P.2d 795]; *Ross* v. *Baldwin*, 44 Cal.App.2d 433 [112 P.2d 666].)

Judgment reversed.

Barnard, P. J., and Mussell, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 11, 1957.