[Civ. No. 10795.   Second Appellate District, Division Two.—April 27, 1936.]

CHARLES HAMILTON, Respondent, v. HAMMOND LUMBER COMPANY (a Corporation) et al., Appellants.

W. I. Gilbert for Appellants.

J. Lamar Butler and George P. Kinkle for Respondent.

GOULD, J., *pro tem.*—Defendants appeal from a judgment by which jurors awarded plaintiff damages of $17,000 for personal injuries suffered in a collision between his automobile and a motor truck owned by defendant corporation and operated by defendant Goff. Conceding the sufficiency of the evidence to sustain the implied findings of the jury as to negligence, appellants attack the court's instructions as erroneously stating the law applicable to the case. Such errors may not be deemed harmless in a case such as this, appellants urge, because with the sharp conflict disclosed by the evidence the jury might well have rendered a verdict in their favor except for the instructions which are designated as erroneous and prejudicial.

Fifty-three separate instructions were given by the court. To nineteen of these appellants address their arguments, asserting either that they improperly state the law, that they are not warranted by the facts in the case, that they inject new facts or that they are contradictory or argumentative. No useful purpose would be served by a detailed review of all the instructions and the numerous arguments by appellants and respondent relative thereto. It may be true that the charge to the jury was lengthy, involved and

weighty; that the instructions in some particulars lacked the cardinal virtues of clarity, preciseness and simplicity. In complicated fact situations such as that presented in this case instructions are often unavoidably cumbersome, and it is quite possible that jurors may be in. a quandary as to what may actually be the law designated to guide them in their deliberations. But as stated by Mr. Chief Justice Waste in *Douglas* v. *Southern Pacific Co.,* 203 Cal. 390 [264 Pac. 237], ''jurors are presumed to be persons of common intelligence and capable of comprehending the ordinary use of language'', and ''we may not presume that they may not have understood the charge as we understand it''.

The chief objection to the instructions is the claim that they placed upon appellants an unjust *quantum* of the burden of proof; that they in effect relieved respondent of his primary burden of establishing his position by the preponderance of the evidence. While such argument may appear plausible from certain language used by the court, we cannot reach the conclusion that the jurors attached to any vagrant word or phrase the importance for which appellants contend. Nor could the jurors have ignored the court's oft-repeated admonition that ''plaintiff is not entitled to recover unless you shall be satisfied by a fair preponderance of the evidence that the negligence of defendants was the sole proximate cause of the accident''; that ''if you should . . . determine that plaintiff was negligent in any degree . . . however slight, your verdict should be for defendants, notwithstanding you may believe that the defendants were guilty''—and similar instructions many times reiterated in the court's charge.

''Instructions must be read and considered as a whole, and a questionable instruction is not ground for reversal when the respective rights and duties of the parties are clearly ascertainable from the charge as a whole.'' (*Krohn* v. *Patrick,* 12 Cal. App. (2d) 339 [55 Pac. (2d) 301].) And in *Douglas* v. *Southern Pacific Co., supra,* this apt language appears: ''The instructions must be considered in their entirety, and if, as so considered, they state the law of the case fairly and clearly, then they are, as a whole, unobjectionable, even though by selecting isolated passages from single instructions they may in some respects be amenable to just criticism.'' We are satisfied that in the instant case the

instructions, considered as a whole, fairly and fully stated the law applicable to the facts without injury to either party. There was no miscarriage of justice and there appears to be no reason to disturb the verdict on account of errors claimed in the court's charge.

The only other point presented by appellants is that the damages awarded were excessive. Respondent suffered concussion of the brain, mental deterioration, dizziness, tremor, numerous injuries to nerves, leg, skin, bones and flesh; his left hip joint was broken, he was unconscious overnight, was hospitalized for forty-eight days and confined to bed at his home for two months thereafter. The injuries were severe and permanent; and it cannot be said that the award, although ample, suggests passion, prejudice or corruption on the part of the jury. The responsibility as to the question of excessive damages is primarily with the trial court, and an appellate tribunal may not interfere unless the award is so disproportionate to the injury as to indicate that it was not the result of the cool and dispassionate consideration of the jury. (*Holden* v. *Patten-Blinn Lumber Co.*, 7 Cal. App. (2d) 220 [45 Pac. (2d) 1037].) No hint is offered in the present case that the jury's award was reached by improper or unlawful means; nor can it be said that it is so disproportionate to the injuries suffered by respondent as to warrant any interference by this court.

Judgment affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 25, 1936.