[Civ. No. 10897. Second Appellate District, Division Two.—June 19, 1936.]

AUGUST BLANCHARD et al., Respondents, v. ROSS SHATTUCK et al., Defendants; MARGARET E. SHATTUCK, Appellant.

Syril S. Tipton, Mort L. Clopton and W. H. Abrams for Appellant.

Charles A. Thomasset for Respondents.

GOULD, J., *pro tem.*—The judgment herein is attacked upon the grounds that the award of damages is excessive and that the trial court in making such award was actuated by malice, passion and prejudice.

Plaintiffs were injured when their automobile was toppled over by another car, whose driver speeded away from the scene of the accident. The license number of the latter was observed by an eyewitness and the machine traced to the home of defendants Ross Shattuck and Margaret E. Shattuck, his wife. According to the story developed upon the trial, the car was owned by Mrs. Shattuck. At the solicitation of her husband she permitted him to lend it to his friend, one Bob Fisk, who was driving it at the time of the accident. When he returned the car to the Shattucks' home after the accident Fisk did not see them, did not notify them of the mishap and they never saw or heard from him thereafter. The Shattucks testified they did not know how to locate him and were entirely ignorant of how or where he might

be found. Fisk was sued by a fictitious name but was never served, and the trial proceeded against Mr. and Mrs. Shattuck, the court sitting without a jury. Upon the showing made the court found in favor of Shattuck but assessed damages against his wife as owner of the car, awarding to plaintiff August Blanchard $500 and to plaintiff Gladys Blanchard $5,000, the latter being the limit of the motor vehicle owner's liability in such case (sec. 402, Vehicle Code, formerly section 1714¼, Civil Code). Defendant Margaret E. Shattuck appeals.

It cannot be said that the judgment of $5,000 was "so plainly and outrageously excessive as to suggest at the first blush passion or prejudice or corruption", which is the test laid down on appeal before the findings of the trial court on the question of damages can be set aside. (*Duran v. Pickwick Stages System,* 140 Cal. App. 103 [35 Pac. (2d) 148].) Respondent Gladys Blanchard, although suffering no broken bones and requiring no hospitalization, was severely shaken, dazed, bruised, rendered unconscious, had chills and nausea for two months, was in bed most of the time for that period, had dull, heavy pains which persisted to the time of trial, lost weight and was nervous, despondent and frightened. Medical testimony was to the effect that she would probably continue to suffer for another year after the date of trial and that some of her injuries might be permanent. The question of the amount of damages is peculiarly addressed to the sound discretion of the trial court, and the appellate tribunal will not interfere in the absence of a clear showing of abuse of that discretion. (*Hamilton* v. *Hammond Lumber Co.,* 13 Cal. App. (2d) 461 [56 Pac. (2d) 1257].) Such showing is not made in this case.

As to appellant's second point, we perceive no merit. The remarks of the court in announcing its decision exhibited malice, passion and prejudice, it is claimed. But the remarks were not addressed to appellant or to her part in the case. They related to her husband, and criticized him for not assisting in the search for the missing driver to whom he had loaned the vehicle. As to the party whom the court criticized, judgment went in his favor, and there is no indication whatsoever that the judgment against appellant was prompted in any degree by the trial judge's opinion, as evidenced by his remarks, concerning her husband. Further-

more, the court's remarks were entirely justified, were temperate and moderate judicial observations, wholly proper and appropriate and not in any sense subject to disapproval. Least of all do they form any basis for interfering with the judgment herein, and do not warrant to any degree appellant's claim that they indicate passion, prejudice or malice on the part of the trial court in its determination of the amount of damages to be assessed against her.

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.